*Eugene Hamilton*
(Name)

*P.O. Box 1050, Salinas Valley State Prison*
(Address)

*Soledad Calif 93960*
(City, State, Zip)

*T-33081*
(CDC Inmate No.)

```
2254    1983  ✓
FILING FEE PAID
Yes          No
IFP MOTION FILED
Yes  ✓       No
CONSENTED TO
Court  ✓     ProSe
```

**FILED**

AUG 1 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

*Eugene Hamilton*
(Enter full name of plaintiff in this action.)

        Plaintiff,

v.

*L. Robles, medical technical assist.*
*M. McNair, correctional lieutenant.*
*K. Salzer, medical technical assist*
*K. Manuel, medical technical assist*
(Enter full name of each defendant in this action.)

        Defendant(s).

'08 CV 1531 WQH BLM

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, *Eugene*
(print Plaintiff's name)
*Hamilton*, who presently resides at *Salinas Valley*
(mailing address or place of confinement)
*State Prison*, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at *Calipatria*
*State Prison* on (dates) *9/16/06*, *8/30/06*, and *11/05/06*.
(institution/place where violation occurred)    (Count 1)   (Count 2)   (Count 3)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant _L. Robles_ resides in _IMPERIAL_ , (name) (County of residence)

and is employed as a _MEDICAL TECHNICAL ASSISTANT_. This defendant is sued in (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _AS A CORRECTIONAL MEDICAL TECHNICAL ASSISTANT AT CALIPATRIA STATE PRISON_

Defendant _M. MCNAIR_ resides in _IMPERIAL_ , (name) (County of residence)

and is employed as a _CORRECTIONAL LIEUTENANT_. This defendant is sued in (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _AS A CORRECTIONAL LIEUTENANT AT CALIPATRIA STATE PRISON_

Defendant _K. SAIZER_ resides in _IMPERIAL_ , (name) (County of residence)

and is employed as a _MEDICAL TECHNICAL ASSISTANT_. This defendant is sued in (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _AS A CORRECTIONAL MEDICAL TECHNICAL ASSISTANT AT CALIPATRIA STATE PRISON_

Defendant _K. MANUEL_ resides in _IMPERIAL_ , (name) (County of residence)

and is employed as a _MEDICAL TECHNICAL ASSISTANT_ This defendant is sued in (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _AS A CORRECTIONAL MEDICAL TECHNICAL ASSISTANT AT CALIPATRIA STATE PRISON_

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: _Deliberate Medical_

_Indifference_

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

_See Brief_

Count 2:  The following civil right has been violated: _RETALIATORALLY_____
                                                      (E.g., right to medical care, access to courts,

_Harbored Prison Disciplinary Due Process Violation_

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

_See Brief_

_____

Count 3:  The following civil right has been violated:_____
                                                      (E.g., right to medical care, access to courts,

## WANTON DELIBERATE MEDICAL INDIFFERENCE

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

*See Brief*

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes  ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: *This civil action was originally filed in*

Defendants: *the central district predicated on a continuing*

(b)  Name of the court and docket number: *violation theory,*
*Eugene Hamilton v.s. white (08-4030(cT)*

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_____

(d)  Issues raised: _____
_____
_____
_____
_____

(e)  Approximate date case was filed: *June 18,2008*
(f)  Approximate date of disposition: *July 12,2008*

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☑ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

_____
*Plaintiff has Exhausted all prison administs-*
*trative Remedies through the director of*
*corrections that weren't retaliatorally*
*obstructed*
_____
_____
_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): _____

_____

_____

_____ .

    2. Damages in the sum of $ _40 million Dollars_

    3. Punitive damages in the sum of $ _90 million Dollars_

    4. Other: _EXPUNGMENT OF All RETALIATORY DISCIPLINARY ACTIONS immediate TRANSFER TO medical FACILITY AND TREATMENT_ .

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐   Plaintiff consents to magistrate     **OR**     ☑  Plaintiff requests that a district judge
    judge jurisdiction as set forth                              be designated to decide dispositive
    above.                                       matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_AUGUST 12, 2008_
Date

_Eugene Hamilton_
Signature of Plaintiff

Eugene Hamilton T-33081
P.O. Box 1050, Salinas Valley State Prison
Soledad Calif 93960


In Pro-Se


United States District Court
Southern District of California


Eugene Hamilton
Plaintiff

vs.

L. Robles, Medical Technical Assistant (MTA)
M. McNair, Correctional Lieutenant
K. Saizer, Medical Technical Assistant (MTA)
K. Manuel, Medical Technical Assistant (MTA)
D. Edwards, Correctional Counselor II
E. Orduno, Correctional Registered Nurse
R. Sewtell, Correctional Registered Nurse
L. Marquisez, Correctional Registered Nurse
    Lopez, Correctional Registered Nurse Practitioner
Sereinia A. Thomas, Correctional Registered Nurse Practitioner
S. Young, Correctional Registered Nurse Practitioner
K. Ball, Correctional Medical Doctor
David G. Smith, Medical Doctor,
    Levin, Correctional Chief Medical Doctor,
G. Chavarria, Correctional Captain
F. Aceves, Acting Correctional Counselor I
C.G. Butler, Acting Associate Warden

1.

Tochoa, ACTING CHIEF DEPUTY WARDEN

M. VITELA, CORRECTIONAL OFFICER

S. RUTLEDGE, CORRECTIONAL SERGEANT

K. TEETERS, CORRECTIONAL OFFICER

J. JIMENZE, CORRECTIONAL LIEUTENANT

POWELL, CORRECTIONAL LIEUTENANT

J. HERRERA, CORRECTIONAL SERGEANT

J. BUITEMAN, ASSOCIATE WARDEN

R. DELGADO, ASSOCIATE WARDEN

W. STILL, ACTING REGIONAL ADMINISTRATOR-SOUTH

G. J. JANDA, ASSOCIATE WARDEN

D. W. BELL, CORRECTIONAL COUNSELOR II

L. E. SCRIBNER, WARDEN

N. GRANNIS, CHIEF INMATE APPEALS

S. EMIGHIE, ACTING CHIEF INMATE APPEALS

J. STOCKER, CORRECTIONAL CAPTAIN-APPEALS EXAMINER

P. D. VERA, CORRECTIONAL CAPTAIN-APPEALS EXAMINER

OSUNA, CORRECTIONAL LIEUTENANT

DOE FIRST WATCH, WATCH SERGEANT

DOE CORRECTIONAL REGISTERED NURSE

R. MANUEL, CORRECTIONAL CAPTAIN, APPEALS EXAMINER

J. CURIEL, CORRECTIONAL COUNSELOR II

J. CAGAIAWAN, CORRECTIONAL OFFICE SERVICES SUPERVISOR I

R. J. DOTTAVIANO, CORRECTIONAL CAPTAIN

J. DOVEY, DIRECTOR OF CORRECTIONS

J. TIPTON, DIRECTOR OF CORRECTIONS

Defendants
IN Their individual and official CAPACITY

VERIFIED 42 USC 1983
CIVIL RIGHTS ACTION,
WITH JURY TRIAL DEMAND

2.

## Jurisdiction

This is a verified civil action authorized by 42 USC 1983 to redress the deprivation color State Law rights secured by the constitution of the United States.

This court has jurisdiction because the deprivations giving rise to the claims occurred at Calipatria State prison, thus this court is an appropriate venue where Calipatria lies within Imperial County.

Plaintiff demands more than $1 10,000 Dollars and further invokes the courts Pendant jurisdiction over all State Law claims.

## Defendants

3.

Defendant CHAVARRIA, AT All Times mentioned was employed by the California Department of Corrections and Rehabilitation, as a correctional CAPTAIN AT CAl-iPATRIA STATE Prison, 7018 Blair Road, CAliPATRIA California 92233, and as such was Acting under Color of STATE LAW.

Defendant ACEVES, AT All Times mentioned was employed by the California DEPARTMENT of corrections And Rehabilitation as a correctional counselor ), AT CALIPATRIA STATE Prison, 7018 Blair Road, CALIPATRIA CAlif 92233, and as such was Acting under color of STATE LAW.

Defendant L. Robles, AT All Times mentioned was Employed by the California DEPARTMENT of corrections And Rehabilitation, as a correctional medical Technical ASSISTANT, AT CAliPATRIA STATE Prison, 7018 Blair Road, Calif 92233, and as such was Acting under color of STATE LAW.

Defendant G. J. JANDA, AT All Times mentioned was employed by the California DEPARTMENT of corrections And Rehabilitation, as AN ASSOCIATE WARDEN, AT CALIPATRIA STATE Prison, CALIPATRIA Calif, 92233, And as such was Acting under color of STATE LAW.

Defendant D. Edwards, AT All Times mentioned was employed by the California DEPARTMENT of corrections And Rehabilitation as a correctional counselor ), SPeciAliST AT, CALIPATRIA STATE Prison, CALIPATRIA Calif 92233, And as such was Acting under color of STATE LAW.

4.

Defendant T. Ochoa, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as an associate warden at Calipatria State Prison, 7018 Blair Road, 92233, and as such was acting under color of State Law.

Defendant M. Mechaia at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a correctional Lieutenant, at Calipatria State Prison, Calipatria Calif 92233, and as such was acting under color of State Law.

Defendant M. Vitela, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a correctional officer at Calipatria State Prison, 7018 Blair Road, Calipatria Calif 92233, and as such was acting under color of State Law.

Defendant S. Rolledge, at all times was employed by the California Department of Corrections and Rehabilitation as a correctional sergeant at, Calipatria State Prison, Calipatria, Calif 92233, and as such was acting under color of State Law.

Defendant K. Saizer, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a medical technical assistant, at Calipatria Prison, Calipatria 7018 Blair Road, Calipatria Calif 92233 and as such was acting under color of State Law.

5.

Defendant Sharon Young, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a Nurse-Practitioner at Calipatria Prison 2018 Blair Road Calipatria Calif 92233 and as such was acting under color of state law.

Defendant J. Buittman, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a Correctional Captain at Calipatria State Prison 2018 Blair Road Calipatria Calif 92233 and as such was acting under color of state law.

Defendant R. Delgado, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as an Associate Warden at Calipatria State Prison 2018 Blair Road Calipatria Calif 92233 and as such was acting under color of state law.

Defendant Wendy Still, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as the Acting Regional Administrator South at 8880 Rio San Diego Drive, Suite 700 San Diego Calif 92108 and as such was acting under color of state law.

6.

Defendant P.D. Vera, AT All Times mentioned was employed by The California Department of corrections And Rehabilitation As A correctional CAPTAIN, APPEALS examiner AT 1515 S. ST Sacramento Calif 95814 And AS Such was ACTING under Color of STATE LAW.

Defendant K. Teeters, AT All Times mentioned was employed by The California Department of corrections And Rehabilitation As A correctional officer AT CALIPATRIA STATE Prison 7018 BlAir Road CALIPATRIA California 92233 And AS Such was ACTING under Color of STATE Law.

Defendant L. MARQUEZ AT All Times mentioned was employed by The California Department of corrections And Rehabilitation As A Registered correctional Nurse AT CALIPATRIA STATE Prison 7018 BlAir Road CALIPATRIA California 92233 And AS Such was ACTING under Color of STATE Law.

Defendant LOPEZ, AT All Times mentioned was employed by The California Department of corrections And Rehabilitation As A correctional Registered Nurse PRACTITIONER AT CALIPATRIA STATE Prison 7018 BlAir Road CALIPATRIA California 92233 And AS Such was ACTING under color of STATE Law.

Defendant D.Smith, at all times mentioned was employed by the California Department of Corrections and Rehabilitation by contract as an Orthopedic Specialist at Calipatria State Prison 7018 Blair Road Calif 92233, and as such was acting under color of State Law.

Defendant Jimenze, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a Correctional Lieutenant, at Calipatria State Prison, 7018 Blair Road, Calipatria Calif, 92233, and as such was acting under color of State Law.

Defendant J. Herrera, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a Correctional Sergeant at Calipatria State Prison, 7018 Blair Road, Calipatria Calif, 92233, and as such was acting under color of State Law.

Defendant Powell, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a Correctional Lieutenant, at Calipatria State Prison, Calipatria Calif, 7018 Blair Road, and as such was acting under color of State Law.

Defendant "Doe", at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a Correctional Sergeant at Calipatria State Prison 7018 Blair Road, Calipatria Calif 92233, and as such was acting under color of State Law.

Defendant L.E.Scribner, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as the Warden, Calipatria State Prison 7018 Blair Road, Calipatria Calif 92233, and as such was acting under color of State Law.

8.

DEFENDANT LEVIN, AT ALL TIMES MENTIONED WAS EMPLOYED by THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AS THE CHIEF MEDICAL OFFICER, "DOCTOR" AT CALIPATRIA STATE PRISON 7018 BLAIR ROAD CALIPATRIA CALIF 92233 AND AS SUCH WAS ACTING UNDER COLOR OF STATE LAW.

DEFENDANT J. CAGALAWAN AT ALL TIMES MENTIONED WAS EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AS AN OFFICE SERVICES SUPERVISOR I AT CALIFORNIA STATE PRISON-LOS ANGELES COUNTY 44750 60TH ST WEST LANCASTER CALIF 93536 AND AS SUCH WAS ACTING UNDER COLOR OF STATE LAW.

DEFENDANT J. CURIEL AT ALL TIMES MENTIONED WAS EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AS A CORRECTIONAL COUNSELOR II, AND ASSIGNED AS THE APPEALS COORDIN-ATOR AT CALIFORNIA STATE PRISON-LOS ANGELES COUNTY 44750 60TH ST WEST LANCASTER CALIF 93536 AND AS SUCH WAS ACTING UNDER COLOR OF STATE LAW

DEFENDANT D.W. BELL AT ALL TIMES MENTIONED WAS EMPLOYED BY THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AS A CORRECTIONAL COUNSELOR II AND ASSIGNED AS THE APPEALS COORDINATOR AT CALIPATRIA STATE PRISON 7018 BLAIR ROAD CALIPATRIA CALIF 92233 AND AS SUCH WAS ACTING UNDER COLOR OF STATE LAW.

9.

Defendant K. MANURI, at all times mentioned was employed by the California Department of Correction and Rehabilitation, as a Registered Nurse at Calipatria State Prison, 7018 Blair Road, Calipat. Calif 92233, and as such was acting under the color of State Law.

---

Defendant O'BUSNO, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a Registered Nurse at Calipatria State Prison, 7018 Blair Road, Calipatria Calif 92233, and as such was acting under color of State Law.

Defendant SEWTELL, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a Registered Nurse, at Calipatria State Prison, 7018 Blair Road Calipatria Calif, 92233, and as such was acting under color of State Law.

Defendant J. DOVEY, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as the Director at 1515 S St Sacramento Calif 5814, and as such was acting under color of State Law.

Defendant S. THOMAS, at all times mentioned was employed by the California Department of Corrections and Rehabilitation, as a Registered Nurse Practitioner at Calipatria State Prison, 7018 Blair Road, Calipatria Calif 92233, and as such was acting under color of State Law.

10.

Defendant Doe at all times mentioned was employed by the California Department of Corrections and Rehabilitation as a Registered Nurse at Calipatria Prison 2018 Blair Road Calipatria Calif 92233 and as such was acting under color of State Law.

Defendant C.G. Butler at all times mentioned was employed by the California Department of Corrections and Rehabilitation as an Acting Associate Warden at Calipatria State Prison 2018 Blair Road Calipatria California 92233 and as such was acting under color of State Law.

Defendant Rick Mansell, at all times mentioned was Employed by the California Department of Corrections and Rehabilitation as a Correctional Captain-Appeals Examiner at CDCR Headquarters 1515 S. St Sacramento Calif 95814, and as such was acting under color of State Law

Defendant J. Tipton, at all times mentioned was employed by the California Department of Corrections and Rehabilitation as Director of Corrections, at CDCR Headquarters 1515 S. St, Sacramento Calif 95814, and as such was acting under color of State Law

11.

Defendant OSUNA, at at times mentioned was Employed by the California Department of Corrections and Rehabilitation as a Correctional Lieutenant at Calipatria State Prison, 7018 Blair Road Calipatria Calif 92233 and as such was Acting under color of State Law

Defendant R.J. Dottaviano, at all times mentioned was Employed by the California Department of Corrections and Rehabilitation as a Correctional Captain at California State Prison - Los Angeles County 44750 60th St West Lancaster Calif 93536 and as such was Acting under color of State Law.

Addendum PAGE RElATIVE
TO CIAIMS AGAINST DEFENDANTS
Robles, mcNair, DOE NURSE

PIAINTIff ON February 5,2008, served For filing
in the central DISTrict Federal court AN oRIGINAl
42 USC 1983 verified civil ACTION entitled
Eugene HAMILTON V. S. white, etAl CV08 1464(CT)
ons MAY 1,2008 This ACTION was DISmissed with leave
To Amend.

PIAINTiff on June 11,2008, served his verified First
Amended complAINT, CV08-4030(CT) on JUly 15,2008
This ACTION was dismissed with leave To Amend
Directing ThAT All incidents from PIAINTiffs
continuing violATIon Theory should be filed in
This court, becAuse The ACTIons occurred AT
CAliPATriA STATE Prison. Thus All those DefendAnts
who were in The oRIGINAl COMPIAINT Are now being
Filed in The INSTANT COMPIAINT from CAliPATriA CAlif.

PIAINTiffs PROPERTY from JUly 17,2006 Thru JANUARY
2008 WAS IMPOUNDED AT CAliPATriA PRISON, Thus
The only TIme when PIAINTiff RETAINed his
PROPERTY To complete The AllEGATIons ContAINed
in This ACTIon were when They were INITIAlly
LITIGATED in The Above mentioned ACTIon in A
continuing violATIon Theory which The central DISTrict
would n't enterTAIN.

12.

CDCR DEPARTMENTAL POLICIES STATES:

" AN INMATE IAPPEAL THAT ALLEGES MISCONDUCT
BY A DEPARTMENT PEACE OFFICER IS CONSIDERED
TO BE A CITIZENS COMPLAINT"

DEPARTMENTAL OPERATIONS MANUEL (HEREIN AFTER DOM)
54100.2; 54100.17; 54100.25.1 STATES:

" AN INMATE APPEAL MAYBE TREATED AS AN EMERGENCY
IF IT IS CATEGORIZED AS A CITIZENS COMPLAINT
FILED TWO (2) TO THREE (3) YEARS AFTER THE
ALLEGED INCIDENT"

IN Helling v. McKINNEY (93) 509 U.S. 25  IT WAS HELD:

" THE EIGHTH AMENDMENT PROTECTS AGAINST CONDITIONS
THAT POSE AN UNREASNABLE RISK OF FUTURE HARM
AS WELL AS THOSE THAT ARE CURRENTLY CAUSING
HARM"

IN REDMAN v. COUNTY OF SANDIEGO (9TH CIR 91) 942 F.2d 1435 Held:

" PRISON OFFICIALS MAY NOT ACT WITH RECKLESS
INDIFFERENCE TO A PARTICULAR VULNERABILITY
WHICH THE OFFICIAL KNEW OR SHOULD HAVE KNOWN"

IN LOPEZ v. SMITH (9TH CIR 2000) 203 F.3d 1122 Held:

" GENUINE ISSUE OF FACT EXISTED AS TO WHETHER
PRISON OFFICIALS WERE DELIBERATE INDIFFERENT TO
INMATES NEED FOR OUTDOOR EXERCISE"

CCR TITLE 3084.1 RIGHT TO APPEAL STATES:

" NO REPRISAL SHALL BE TAKEN AGAINST AN
INMATE OR PAROLEE FOR FILING AN APPEAL"

13.

42 USC 1997(e)(A) PRISON LITIGATION REFORMACT STATES:

"No Action shall be brought with respect to Prison conditions under 42 USC 1983 or any other federal Laws, by A Prisoner until such Administrative Remedies as are available Are Exhausted"

In Rhodes v. Robinson (9th cir 04) 408 F3d 559 Held:

"Prisoners have First Amendment rights to File Prison Grievances and Pursue Civil Rights litigation in the courts"

In Serrano v. Francis (9th cir 03) 345 F3d 1071 Held:

"Prisoners Physical disability coupled with Administrative Segregation for nearly two months in a unit that wasn't designed for Disabled Persons, gave rise to Protected liberty interest under Due Process clause,"

In Brown v. Valoff (9th cir 05) 422 F3d 926 Held:

"under the Prison Litigation Reform Act (PLRA) An inmate is not required to Pursue An Appeal when relief is no longer Available"

In Bressman v. Farrier (ND Iowa 93) 825 F. Supp 231 Held:

"A Prison official cannot censor mail Just because it makes rude comments About the Prison or Prison Staff"

14.

## CAUSE OF ACTION
## I

PLAINTIFFS FIRST, FIFTH, EIGHTH AND FOUR-
teenth AMENDMENT RIGHTS TO BE FREE from CRUEL
AND UNUSUAL PUNISHMENT were VIOLATED BY DEFENDANTS
G. CHAVARRIA, F. ACEVES, C. G. BUTIER, T. OCHOA,
L. E. SCRIBNER, who's RETALIATORIALLY HARBORED
IMPRISONMENT AND RETENTION OF PLAINTIFF AT RETALIATORIALLY
TRANSFERRED CALIPATRIA STATE PRISON IMPOSED ATYPICAL
HARDSHIP, AS WELL AS BY DEFENDANTS J. CURIEL, J. CAGAJUAN
RETALIATORIALLY HARBORED REFUSAL TO MAIL OR TRANSMIT
TO ALLOW EXHAUSTION OF JANUARY 9, 2007, CDCR 602
GRIEVANCE COMPLAINT AGAINST CHAVARRIA, ACEVES,
IN VIOLATION OF FIRST AMENDMENT AND 42 USC
1997(e)(A) PLRA.

PLAINTIFF ON FEBRUARY 25, 2006, while IMPRISONED
AT IRONWOOD STATE PRISON SUSTAINED A RETALIATORIALLY
HARBORED SPINAL INJURY, IRONWOOD IS A LEVEL III PRISON
THUS UPON COMPLAINING ABOUT THE RETALIATORIALLY HARBORED
INJURY THROUGH THE PROPAGATION OF FALSE DISCIPLINE
PLAINTIFF POINT SCORE WAS INCREASED TO LEVEL IV AND
INSTEAD OF SENDING PLAINTIFF TO AN ACUTE CARE MEDICAL
FACILITY FOR IMMEDIATE MEDICAL TREATMENT HE WAS
TRANSFERRED TO CALIPATRIA TO "chill" him

PLAINTIFF ON JUNE 27, 2006, WAS RETALIATORIALLY
TRANSFERRED TO CALIPATRIA STATE PRISON.

PLAINTIFF ON JULY 5, 2006, AT RETALIATORIALLY TRANSFERRED
CALIPATRIA PRISON APPEARED BEFORE DEFENDANTS
G. CHAVARRIA, F. ACEVES AT AN INITIAL UCC, THUS
PLAINTIFF WHEN ALLOWED TO SPEAK POSED OBJECTIONS TO
THE PROCEEDINGS PREDICATED UPON A RETALIATORY HARBORED

15.

Prison transfer after a resulting injury, thus plaintiff in vain averred that the two (2) disciplinary infractions utilized to increase his point score were baseless and retaliatory where it was alleged plaintiff willfully refused to report to his vocational assignment.

Plaintiff on November 30, 2005 while imprisoned at Ironwood State Prison suffered an injury to his previously broken left ankle.

Plaintiff on December 3, 2005 submitted a CDC-7362 Health Care Services Request seeking medical attention for swollen left ankle, and to update if needed an accomodation request for lower tier lower bunk, as well as being provided a soft shoe medical accomodation chrono which would relieve the pain associated with wearing state issued shoes or boots.

Plaintiff on December 30, 2005 was assigned to the Facility 'D' small engine vocational class.

Plaintiff on January 4, 2006 the first day of class upon assignment to the small engine class reported to the Facility 'D' workchange gate and attempted to attend class but was prohibited and informed he wouldn't be allowed access through workchange, without wearing state issued shoes or boots, thereto plaintiff returned to the Facility 'D' clinic and submitted yet another CDC-7362 Health care services request seeking medical attention and a soft shoe chrono for a swollen left ankle.

16.

PLAINTIFF ON JANUARY 4, 2006, THE FIRST DAY OF CLASS ASSIGNMENT TO THE SMALL ENGINE CLASS REPORTED TO THE 'D' FACILITY WORK CHANGE GATE AND ATTEMPTED TO ATTEND CLASS BUT WAS PROHIBITED AND INFORMED HE WOULDN'T BE ALLOWED ACCESS THROUGH WORK CHANGE WITHOUT WEARING STATE ISSUED SHOES OR BOOTS. THERETO PLAINTIFF RETURNED TO THE FACILITY 'D' CLINIC AND SUBMITTED YET ANOTHER CDCR-7362 HEALTH CARE SERVICES REQUEST SEEKING MEDICAL ATTENTION. AS WELL AS BEING ASSESSED AND PROVIDED MEDICAL ACCOMODATION FOR SHOES.

PLAINTIFF FROM JANUARY 4, 2006 THRU APRIL 14, 2006 WHEN UNASSIGNED PURSUANT TO THE PRODUCTION OF THE SOFT SHOE MEDICAL ACCOMODATION CHRONOS REPORTED TO THE 'D' FACILITY WORK CHANGE AND SIGNED THE ABSENTEE LOG BOOK AVERRING AWAITING SOFT SHOE CHRONO.

PLAINTIFF ON FEBRUARY 1, 2006 WAS ISSUED THE SECOND OF TWO (2) CDCR-115 DISCIPLINARY RULE VIOLATION REPORTS AUTHORED BY DEFENDANT T. QUALLS FACILITY 'D' SMALL ENGINE VOCATIONAL INSTRUCTOR ALLEGEDLY FOR FAILURE TO REPORT ON JANUARY 25, 2006.

THE FIRST CDCR 115 RULES VIOLATION REPORT DATED JANUARY 17, 2006 FOR THE VERY SAME OFFENSE WAS DISMISSED BY LT. P. L. SMALLS, WHO HAPPENS TO BE AN AFRICAN AMERICAN AS IS PLAINTIFF THUS PREDICATED UPON THE EVIDENCE ADDUCED AT THE JANUARY 26, 2006 DISCIPLINARY HEARING WHICH DEMONSTRATED PLAINTIFF'S REPORTING

To the Facility "D" work change area for clearance to enter the vocational area but was precluded premised upon his medical ankle injury which prohibited plaintiff from wearing state issued shoes or boots. Thereto plaintiff upon being issued the new rules violation report wasn't informed of the nature nor seriousness of the infraction or afforded the opportunity to request the presence of witnesses, as was done with the issuance of the first rules infraction.

Plaintiff on February 3, 2006, appeared at a disciplinary hearing before defendant S. White, correctional Lieutenant, during the hearing to the charge of "Failure To Report" plaintiff attempted to present documentary and live testimonial evidence of two(2) outstanding health care request dated December 3, 2005, January 4, 2006, depicting plaintiffs attempts at being seen by medical staff, plaintiff further attempted to impress upon defendant white it was becoming frustrating to have been falsely disciplined again by defendant Qualls absent sufficient proof of plaintiffs existing medical condition as found in Lt. Smalls prior dismissal of the same charge, thereto defendant white

24.
18.

Became irate with RACIALLY motivated overtones STATING: "You didn't TALK TO LT. SMALLS like THAT did you"

This Defendant white Refused to tender PLAINTIFFS medical Averments or to have PLAINTIFF Assessed BY medical, INStead RACIALLY imposing A finding of GUILT FALSIFYING his findings by Reporting:

" He contacted IROnwood Prisons medical Records Department via Telephone And medical records reported There were no medical chrono or request for A chrono THAT Prevented PLAINTIFF from ATTENDING work, Defendant white further FALSELY Avered records reported no Doctors orders had been written recommending reasonable Accomadations or A shoe chrono for PLAINTIFF"

Thereto DEFENDANT white in Addition to the willfully FALSe findings Assessed (30) days Forfeiture of Time credits, (30) days Loss of exercise yard, And Referred PLAINTIFF to CLASSIFICATION for PLACEMENT on Program Group 'C' AS A Program Failure, Defendants m. Hawthorne

¿ . .. J. A. Harris, who were Aware and RATified The Prior DISMISSAL of the SAME Rule infraction RespectFully on February 10,2006, And February 12,2006 RETALIATORIALLY RATified DEFENDANT WHITES findings.

25.

19.

PLAINTIFF ON FEBRUARY 13, 2006, WAS ISSUED A THIRD CDCR-115 DISCIPLINARY RULE VIOLATION REPORT FROM DEFENDANT TO. QUALLS, DATED JANUARY 25, 2006, ALLEGEDLY FOR FAILURE TO REPORT TO THE SMALL ENGINE ASSIGNMENT

PLAINTIFF ON FEBRUARY 19, 2006, APPEARED AT A THIRD DISCIPLINARY HEARING TO THE CHARGE OF FAILURE TO REPORT, BEFORE LT. M.D. PAYTON, DURING THE HEARING PLAINTIFF AGAIN ATTEMPTED TO PRESENT DOCUMENTARY EVIDENCE OF TWO (2) OUTSTANDING HEALTH CARE REQUEST DATED December 3, 2005, JANUARY 4, 2006, THERETO LT. PAYTON REFUSED TO ALLOW THE PRESENTATION OF MEDICAL PERSONNEL LIVE TESTIMONY TO ATTEST TO PLAINTIFF ATTEMPTS TO BE MEDICALLY ASSESSED, BUT ARBITRARY IMPOSED A FINDING OF GUILT ASSESSING THIRTY (30) DAYS FORFEITURE OF TIME CREDITS AND RECOMMEND REMOVAL FROM THE CLASS.

PLAINTIFF IN RETALIATION FOR HIS FEBRUARY 3, 2006, COMPLAINT AGAINST DEFENDANT WHITE WASN'T PROVIDED A COPY OF LT. PAYTONS DISPOSITION TO SEEK APPELLATE REVIEW.

PLAINTIFF ON FEBRUARY 21, 2006, FILED A CDCR-602 FORM COMPLAINT PREDICATED ON CALIF PENAL CODES 147, 832.5 TO DEFENDANT DERRICK L. OLLINSON, ACTING WARDEN, AGAINST TO. QUALLS, ALLEGING: "DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS, UNLAWFUL FALSE FILING OF FOUR (4) DISCIPLINARY REPORTS"

20.

PLAINTIFF ON THREE (3) DIFFERENT OCCASIONS while IMPRISONED AT Ironwood PRISON WAS RACIALLY AND RETALIATORIALLY SUBJECTED TO DISCIPLINARY rule INFRACTIONS DESPITE being MEDICALLY UNABLE TO ATTEND his VOCATIONAL CLASS BY DEFENDANT T. QUAILS, VOCATIONAL INSTRUCTOR who'd been MADE COGNIZANT OF PLAINTIFFS need TO have been immediately ASSESSED For his severely SWOLLEN LEFT ANKLE, BY THE PRISONS MEDICAL DEPARTMENT.

PLAINTIFF ON JANUARY 21, 2006, WAS ISSUED THE FIRST OF THREE (3) CDCR 115 RULE INFRACTIONS AUTHORED BY DEFENDANT T. QUAILS, ALLEGING: " FAILURE TO REPORT." ON JANUARY 19, 2006.

PLAINTIFF ON JANUARY 26, 2006, WAS PROVIDED A CONST-ITUTIONALLY SOUND DISCIPLINARY HEARING, BEFORE LIEUTENANT P. L. SMALLS, on THE JANUARY 19, 2006 "FAILURE TO REPORT" CHARGE, who PREDICATED UPON THE TESTIMONY OF PLAINTIFFS WITNESS AND DOCUMENTARY evidence which CONSISTED OF C/O Hulbert THE WORKCHANGE OFFICER who TESTIFIED:

" PLAINTIFF REPORTED TO THE WORKCHANGE GATE And SIGNED THE ABSENTEE LOG SHEET AVERRING AWAITING AWAITING SHOE CHRONO, but OTHERWISE WASN'T PERMITTED PASSAGE THROUGH THE WORKCHANGE GATE NOT WEARING STATE ISSUED SHOES or BOOTS"

LT. SMALLS FURTHER CREDITED PLAINTIFFS TESTIMONY PRESUMING he'd SUSTAINED AN RE-INJURY TO his PREVIOUSLY BROKEN LEFT ANKLE, AND had SUBMITTED MEDICAL REQUESTS TO HAVE been MEDICALLY ASSESSED, THUS PREDICATED UPON THE PREPONDERANCE OF THE evidence THE CHARGES were DISMISSED HOLDING:

" The STAFF WITNESS TESTIFIED HAMILTON SIGNED THE WRONG LOG ABSENTEE Book, THEREFORE he did NOT WILLFULLY REFUSE TO REPORT TO WORK"

21.

Before Plaintiff could be provided the final copy of LT. Smans, January 26, 2006, Disciplinary Dismissal Disposition, Plaintiff was again issued the second Disciplinary Rule infraction on February 1, 2006, again alleging: Failure to Report on January 25, 2006,

Plaintiff on March 3, 2006, was medically assessed by DR. A. Gale at Ironwood predicated upon his December 3, 2005, Health Care Request, where he was prescribed medical accomodations of two (2) different types of shoes to alleviate the severe swelling associated with wearing shoes or boots, as well as being provided medical accomodations for housing on a Lower Bunk of the Lower Tier,

Plaintiff on May 4, 2006, was unadversely predicated. Upon the issuance of the two (2) medical accomodation chronos isnassigned from the vocational small engine class, which he was ineligible to attend predicated upon the issuance and wearing of the medically issued shoes.

Plaintiff from January 4, 2006 thru May 4, 2006 when unassigned pursuant to the production of the soft shoe chronos reported to the facility 'D' workchange gate and signed the Absentee Log averring awaiting soft shoe chrono.

CDCR Title 15 3040 (a) Participation States:
   "Every Able-Bodied Person committed to the custody of the Director of Corrections is subject to an obligation to work"

22.

CDCR TITLE 15 3376 CLASSIFICATION COMMITTEES. 1(1), 1(A) (C) (D) (A) (B) STATES:

" INITIAL CLASSIFICATION COMMITTEES SHALL:

(C) REFER COMPLEX CASES TO THE ICC OR FCC

(D) RECOMMAND TRANSFER OF A NEW ARRIVAL DETERMINED TO BE INAPPROPRIATELY PLACED

2) UNIT CLASSIFICATION COMMITTEE' SHALL:

A) REVIEW EACH INMATES CASE AT LEAST ANNUALLY TO CONSIDER THE ACCURACY OF THE INMATES CLASSIFICATION SCORE, CUSTODY DESIGNATION, PROGRAM, WORK AND PRIVILEGE GROUP AND FACILITY PLACEMENT INCLUDING RECOMMENDATION FOR TRANSFER"

3) INSTITUTION AND FACILITY CLASSIFICATION COMMITTEES SHALL:

A) RECOMMAND TRANSFER OF INMATES.

B) ACT ON CASES REFERRED BY LOWER COMMITTEES

PLAINTIFF ALLEGED TO DEFENDANTS CHAVARRIA, ACEVES:
"THE ISSUANCE OF THE TWO(2) MEDICAL ACCOMODATION CHRONOS WHICH ABSENCE FORMED THE BASIS OF THE TWO (2) DISCIPLINARY INFRACTIONS WHO'S RECEIPT AUTOMATICALLY EXCLUDED MY PARTICIPATION IN THE SMALL ENGINE CLASS, MANDATED PLAINTIFF WAS OUTSIDE THE AMBIT OF CCR TITLE 15 3040 (A) ABLE-BODIED PRIOR TO RECEIPT OF THE MEDICAL ACCOMODATIONS, THUS MANDATING PLAINTIFFS CASE BE REFERRED TO THE NEXT I.C.C., F.C.C. CHAIRED BY DEFENDANT L.E. SCRIBNER, ACTING WARDEN PREDICATED ON THE COMPLEXITY AND AUTHORITY TO EXPUNG THE TWO(2) DISCIPLINARY INFRACTIONS"

23.

Defendant Chavarria USCC Chairman Stated:
"were not going to refer your case to the warden, because he doesn't want to see this"

Thereto plaintiff implored defendants Aceves, Chavarria plaintiff should be transferred to an acute care medical facility to obtain immediate medical care for his spinal injury Defendant Aceves responded: "were not here for that"

Thus Defendants Chavarria, Aceves Ratified the removing of plaintiffs A1-A credit earning status, established plaintiffs credit earning status at A2-B effectively predicated upon the two(2) disciplinary findings of guilti pursuant to an adverse transfer from Norwood, cleared plaintiff for double cell housing and placed plaintiff on facility 'B'

Plaintiff on July 13,2006, was subjected to wanton deliberate indifference to pain and suffering by Defendant L. Robles, and Retaliatory disciplined by Defendants Robles, McNain, for petitioning the Government for Redress of Grievances.

Plaintiff on July 19,2006, while imprisoned at Retaliatory Transferred California Prison, was Retaliatory confined in administrative segregation (here in after Ad-seg) with his cellmate allegedly for battery upon each other with plaintiffs state issued walking cane, predicated upon the alleged observation of Defendants M. Witela, S. Ridledge, However plaintiffs cellmate three (3) weeks after the alleged battery upon plaintiff was released from Ad-seg without incident and allowed to parole.

24.

PlAINTIFF on AUGUST 15,2006, while confined in Ad-Seg Predicated on the AllEGED BATTERY with A WEAPON charGE" WAS issued ANOThER Rules Violation REPort For NoT ACCEPTING A cellmate Known To Be An EXhibitionist

PlAINTIFF Submits non of the Four (4) incidents in The Above would hAve occurred hAd PlAINTIFF noT been RETAliATorAlly TrANSFErred To or RETAiNed AT CAliPATriA PriSon By DEFENdANTS ChAUARriA, ACEVES, ButlER, ochoA, SCribNER,

PlAINTIFF on JANUAry 9,2007, Submitted DirECTly To DEFENdANT L. E. SCribner, wArdEN A CDCR-602 Form COMPlAINT PrEdicATed on CAliF PENAl codes 147, 832.5 AGAINST DEFENdANTS G. ChAUARriA, F. ACEVES, AllEGING: " The RETAliATorAily HArborEd DENIAl of DuE ProCESS in TrANSFEr ANd REtenTion AT CAliPATriA PriSon"

DEFENdANT SCribNER cAUSEd The COMPlAINT To be ASSIGNEd To DEFENdANT ButlER For AN AllEGEd IMPArTIAl INVESTIGATION, HowEUEr DEFENdANT ButlER dESPiTE The clEAr corps of EUidEnce dEPICTING The iSSUANCE of The MEdicAl AccomodATion chronos dEMonSTrATING PlAINTIFFS diSAbility RETAliATorAily dENIEd The COMPlAINT, of which wAS RETAliATorAily RATiFiEd BY DEFENdANT T.ochoA, while ACTING For DEFENdANT SCribNER.

.25.

PlAINTIFF ON JANUARY 31,2007 SUBMITTED THE COMPlAINT DIRECTlY TO DEFENDANT DOVEY FOR A THIRD leVEl DIRECTORS REVIEW, HOWEVER DEFENDANT EMIGH IN A MEMORANDUM DATED MAY 8,2007 RETURNED THE COMPlAINT DIRECTING PlAINTIFF TO INCLUDE THE CDC-128-G CLASSIFICATION CHRONO OF JULY 5,2006 FROM PlAINTIFFS INITIAl APPEARANCE AT CAlIPATRIA PRISON BEFORE DEFENDANTS CHAVARRIA, ACEVES THERETO PlAINTIFF ON JULY 2,2007 UPON THE GRANTING OF A CDC 602 WAS PROVIDED THE 128-G, THUS PlAINTIFF ON JULY 5,2007 SUBMITTED THE COMPlAINT WHICH CONSISTED OF TWENTY-SEVEN(27) PAGES TO DEFENDANT CURIEl REQUESTING THAT HE IN COMPlIANCE WITH THE STATE COURT MANDATE OF IN RE MICHAEL BRODHEIM AUGUST 8,2005 SOlANO SUPERIOR COURT NO# FCR 219566 TRANSMIT THE COMPlAINT AND EXHIBITS TO THE THIRD DIRECTORS leVEl OF REVIEW, THERETO DEFENDANT CURIEl RETURNED THE COMPlAINT AND EXHIBITS AVERING: "LAC IS NOT RESPONSIBIE FOR MAIlING TO SACRAMENTO"


PlAINTIFF ON JUNE 27,2007 AT A COMPlAINT INTERVIEW AGAINST DEFENDANT CAGAlAWAN THE MAIlROOM SUPERIOR INITIAllY PRESENTED THE CHAVARRIA COMPlAINT TO DEFENDANT CAGAlAWAN MINUS THE 128G CHRONO WHERE DEFENDANT CAGAlAWAN

26

STATED: "UNder no circumstances was he or
The maii responsible for returning
The chauattia compiaint Back to
The chief inmate appeals Branch in
Sacramento"

See 42 USC 1997 e (A) This compiaint    pg 42.)
See Rhodes V. Robinson, This compiaint  pg 14.)
See Brown V. Valoff , This compiaint  pg 14.)

DEfeNdANT K. teeters on AUgust 2,2006, upon Providing
PiAiNTiff A copy of the DiSCiPiiNAry infraction
For the BATTery charge Retaiiatoriaiiy Suppressed
The incident RePort untii After the death of
one of PiAiNTiffs materiai witnesses M.E. RUAN LT.

PiAiNTiff wAs mediciaiiy maitreated so bad by Aii
The DefeNdANTs named in this compiaint the
oniy thing PiAiNTiff couid do to stop the PAiN
wAs take his own iife, which he Attempted
on February 20, 2007, Thus upon being Prevented
from tAking his iife, PiAiNTiff wAs PiAced on
Suicide watch, And uitimateiy transferred to A
Mentai heaith crisis bed (here in After MHCB)
AT the Substance Abuse treatment FAciiTY (here
in After SATf) AT coronAn stAte Prison, Thereto
when the mentai heaith PersonNeii AT SATf were
mAde cognizant of whAt compeiied my Suicide
ATTempt they Perused my entire Mediciai fiies
And it Reveaied my PAiN wAs cuiminAting
                    27.

From the spinal injury which consisted of two (2) bulging disk, and a cracked "L5-S1" disk, there to because plaintiff was sent to SATF on a treat and return MHCB status, the mental health personnell shocked at the amount of wanton retaliatorally harbored deliberate indifference subjected upon plaintiff placed plaintiff in the mental health program at the correctional clinical case management system (hereinafter CCCMS) level of care, and transferred plaintiff to the CCCMS program at California State Prison-Los Angeles County (herein after Lancaster Prison) plaintiffs health now deteriorating for not being treated for the cracked disk, now confined to a wheelchair is transported via special transport to Lancaster Prison for inclusion in there CCCMS program to obtain proper medical treatment.

Plaintiff on March 7, 2009, was transferred to Lancaster Prison where despite his impairment and need for impaired housing, was dumped in Ad-seg where on March 10, 2009, plaintiff was racially assaulted by two (2) white c/o's who then propagated false charges asserting plaintiff who couldn't even walk, and who'd been urinating and defecating on himself and the cell floor for no reason threw water alleged mixed with —matter on an officer.

28.

PLAINTIFF thus in chronic Lower BACK PAIN before and after having been ASSAULTED was admitted to the CTC AT LANCASTER Prison, where over a Ten(10) month Hospitalization many different treatments were tried, only it were decided PLAINTIFF MUST be Hospitalized AT AN ACUTE CARE medical Facility For Long Term Care. And Physical Therapy, However predicated upon PLAINTIFFS RETALIATORALLY HARbored Ad-Seg STATUS From THE BATTERY on PLAINTIFFS CELLMATE, And Now THE BATTERY ON STAFF,

PLAINTIFF WAS Provided A disciplinary hearing AT LANCASTER Prison To The BATTERY on An inmate Charge THAT WAS RETALIATORALLY Reduced TO A Farce And Sham where PLAINTIFF WASN'T Allowed TO Plea TO THE Charge, The A FALSE Plea of Guilty WAS entered, And PLAINTIFF denied witnesses And Thereto Sentenced TO FIFTEEN(15) months of Security Housing Unit (Hereinafter Shu) confinement,

PLAINTIFF After having Petitioned The Government For Redress of Grievance AGAINST THE C/o's who ASSAULTED PLAINTIFF WAS Altogether denied notice of The Charges AGAINST him, Provided A Disciplinary hearing TO The Alleged BATTERY on STAFF And Retaliatorally sentenced To AN Additional Eighteen

29.

(18) months of shu confinement; thus plaintiff was then retaliatorially dumped at corcoran prisons shu to complete the (18) month shu term, which expired April 25, 2008.

Plaintiff ons April 29, 2008, again despite his dabilitating deteriorating condition and now being permanently confined to a wheelchair wasn't transferred right next door to the S.A.T.F from corcoran prison, which has it's own memorial hospital, nso plaintiff was transferred to Salinas Valley State Prison, and housed in an accessible wheelchair cell, where on May 18, 2008 after fainting in the shower and being taken by ambulance to Salinas Valley Memorial hospital and treated plaintiff was returned to his wheelchair cell at the prison.

In Morris v. Powell (5th cir. 06) 449 F 3d 682 Held:
" Transfer to a more dangerous prison is much more serious retaliatory act then what has been considered de minimis in other circuits, even transfer to a more dangerous section of the same prison was sufficiently adverse retaliatory act to support a 1983 claim"

In Jett v. Penner (9th cir. 06) 439 F 3d 1091 It was Held:
" Warden Piner was likewise inculpated even though she denied having received Jetts Grievances because it was presumed if the prisoner sent the grievances they were received Piner was thus presumptively personally aware of the deficiencies of care for Jetts concededly serious medical condition"

30.

Defendants Butler, ochoa ACTing for Defendant Scribner further held in Retaliatorally denying The complaint Against Aceves Chavarria: "Calipatria Prison Wasn't obligated To Expunc The Two(2) Disciplinaries from ironwood Prison"

IT is Submitted Plaintiffs Retaliatorally Harbored Transfer And Retention At Calipatria State Prison Which is A More Dangerous level IV Hands on Prison imposed An Atypical Hardship on Plaintiff, And when Defendants Chavarria, Aceves, Butler, ochoa, Scribner had it in Their Power To better The Situation They Turned A Retaliatory Deaf ear.

IT is further Submitted Defendants J.cariel, J. cacalausan's Retaliatorally harbored Refusal To utilize The Departments interDepartmental Mail System, or Transmit The chavarria complaint To The chief inmate Appeal Branch for Directors Review And Exhaustion Made fulfillment of Exhaustion of Available Administrative Remedies Pursuant To 42 USC 1997(e) (A) PLRA unavailable To Plaintiff.

Thereto These Defendants Actions Ratifications didn't Advance Any legitimate Penological Goal, but was imposed To "chill" Plaintiff exercise of his First Amendment Rights, which culminated in Physical And Psychological harm in Retaliation For Plaintiff' First Amendment Petitioning The government

31.                    Submitted:

## CAUSE OF ACTION

PLAINTIFFS FIRST, FIFTH, EIGHTH AND
FOURTEENTH AMENDMENT RIGHTS TO BE
FREE FROM CRUEL AND UNUSUAL PUNISHMENT
AND NOT TO BE RETALIATORALY DISCIPLINED
WERE VIOLATED BY DEFENDANT L. ROBIES
AND DOE EMERGENCY ROOM NURSE

PLAINTIFF ON JUNE 27, 2006, WAS RETALIATORALY
TRANSFERRED TO CALIPATRIA STATE PRISON, FROM IRONWOOD
STATE PRISON AFTER HAVING SUFFERED A SPINAL INJURY.

PLAINTIFF ON JULY 13, 2006, while IMPRISONED AT RETALIAT-
ORALY TRANSFERRED CALIPATRIA PRISON, while EXPERIENCING
ANOTHER EPISODE OF DABILITATING EXCRUCIATINGLY PAINFUL
BACK MUSCLE SPASMS SUMMONED CORRECTIONAL OFFICER
(HEREINAFTER C/O) APODACA TO HIS CELL, SO THE HE MIGHT CALL
MEDICAL PERSONNEL, THUS C/O APODACA OBSERVING PLAINTIFFS
CONDITION IMMEDIATELY CONTACTED MEDICAL PERSONNEL, MAKING
CONTACT WITH DEFENDANT L. ROBIES, MEDICAL TECHNICAL ASSIS-
TANT (HEREINAFTER MTA) DEFENDANT ROBIES ALLEGEDLY
TOLD C/O APODACA: " HE'D BE AT THE HOUSING UNIT IN
ABOUT FIFTEEN(15) MINUTES, AFTER
MAKING HIS OTHER MEDICATION DELIVERY
ROUNDS"

UPON THE ARRIVAL OF DEFENDANT ROBIES APPROXIMATELY
FIFTEEN (15) MINUTES LATER, STILL SPASMING AND DOUBLED OVER
HOLDING HIS STOMACH, APPROACHED THE CELL DOOR AND BEGAN TO
ENLIGHTEN DEFENDANT ROBIES: " THE MUSCLE SPASMS WERE SO
SEVERE AND PAINFUL THEY
HAD BEGAN TO MAKE PLAINTIFFS
HEART PALPATATE, AND I
NEED TO BE SEEN BY A DOCTOR"

DEFENDANT ROBIES BECAME WANTONLY DELIBERATELY INDIFFERENT TO
PLAINTIFFS PAIN AND SUFFERING, BY HANDLING PLAINTIFF A SICK CALL
REQUEST ALL THE WHILE STATING: " I FIND IT HARD TO BELIEVE
YOU'RE EXPERIENCING SUCH
SYSPTOMS"

32.

Thus Defendant Robies without Providing Plaintiff his evening medication or any other Aid, turned and Proceeded to leave the cell door, Thereto Plaintiff Avered to Defendant Robies: "Are you trying to be sued for not Providing medical Attention"

Thereto Defendant Robies stored in his tracks turned and irately stated: "Are you threatening me" Plaintiff Responded, As witnessed by ten (10) Prison cells of inmates: "No but if you don't Provide medical Attention I'll see you in court"

Thus Defendant Robies without Providing Any medical Attention left Plaintiff to die in such condition.

Plaintiff returned to his bed, and sit down on the bed, with one knee on the floor crying in Pain, when c/o Apodaca Approached the cell door, and asked had Robies Provided Plaintiff medical Attention, Plaintiff enlightened c/o Apodaca Robies hadn't given Any medical Attention, c/o Apodaca Then stated:

"  I'll contact him (Robies) Again making him know of my observations"

Plaintiff Approximately forty (40) minutes later After having layed out on his bed couldn't Ambulate, Thus Plaintiffs cellmate called mandown, Thereto Sgt, Bustamante, F. Gonzalez c/o, and numerous

33.

C/O's responded to the call, However these C/O's weren't responding to the mandown call, but Rather in response to defendant Robles fabrication Plaintiff Allegedly threatened to harm him by stating: " I'm having back spasms, I need emergency care now, I began to ask him questions togather information to assist me when Suddenly he became angry, He stared at me and in an angry tone of voice he stated " I said I need help now, if your not going to help me motherfucker( He then lowered his voice to a whisper) Then get the fuck away from me before I beet your punk ass" I stepped back from the cell and stated excuse me, what did you say to me? Hamilton Then began to yell at me in A loud voice, stating I'll see you in court motherfucker, I'll get you Your bitch I'm gonne sue your ass"

This while Plaintiff was trammeled to bed unable to Ambulate, Defendant Robles entered The cell, And inquired what was The problem, Prior to Defendant Robles entered The cell, C/O Gonzalez Handcuff Plaintiff) Plaintiff enlightened Defendant Robles: " because Robles had refused To provide medical attention my back went out"

Thus Defendant Robles At That Time Provided Plaintiff his P.M. medication, which would have prevented Plaintiffs back from going out, Defendant Robles Further stated: " He contact The nurse At The emergency room At central health

To See if she'd Treat Plaintiff."

Defendant Robles left the cell and returned approximately Four(4) minutes later stating:

" The central Health nurse said there was nothing she could do"

Thus Plaintiff while experiencing severe Pain was told by prison officials the only reason, plaintiff wasn't confined in Ad-Seg for Allegedly Threatening Defendant Robles, it would cause to much of A Problem to Transport Plaintiff to central Health for observation, and thereafter confine plaintiff in Ad-Seg, thus plaintiff without the Aid of medical Attention, and unable to Ambulate was left in the cell To die, by defendants Robles, and the "doe" Defendant central Health emergency room Rn For July 13, 2006.

Plaintiff on July 13, 2006, submitted directly To L, E. Scribner, acting warden, A CDCR 602 form complaint Pursuant To Calif Penal Codes 147, 832.5 Against Defendants L. Robles, And the Emergency room nurse Alleging:
" Deliberate indifference To Pain And suffering"

Defendant Scribner cause The complaint To be Assigned To Defendant D. Edwards, who issued The complaint A Log number CAL-B-06-01955, Assign The complaint AS A: STAFF COMPLAINT, Noted special

.25.

needs: And assigned the complaint to defendant
G. J. Janda for alleged investigation.


Plaintiff on July 31, 2006, submitted directly
to L. E. Scribner, acting warden, a CDCR 602 form
complaint pursuant to calif penal codes 118,1
~~125, 147, 832.5~~ against defendant L. Robles,
alleging: "The propagation of Retaliatorally
false disciplinary charges"


On August 1, 2006, The chief Deputy Warden's
of California Prison, obtained from defendant
Doiley, via defendant Grannis a voluminous
complaint and Exhibits, initially served Doiley
May 27, 2006, however The Package wasn't delivered
to plaintiff until August 3, 2006 at 6:00 P.m.


Plaintiff on August 1, 2006, obtained the filed
complaint against defendant L. Robles from defendant
Edwards averring: " After further review by the chief
Deputy warden the appeal is being
screened out due to your inability
to identy the appropriate staff member
MTA"

Defendant Bell on August 9,
2006 also screened out this
complaint on the same
reasons as Edwards


<u>NOTE:</u> Plaintiffs July 31, 2006 complaint against
defendant Robles, was date stamped August 1, 2006
at the chief Deputy warden office, which at
that time was being shared by defendants
G. J. Janda, T. ochoa who retaliatorally refused
to file the July 31, 2006 complaint against Robles

36o

Allegedly because the finalized copy of the CDC-115 wasn't attached.

PlaintIff on August 23, 2006, after having obtained another copy of the July 13,2006 CDC-115 finalized copy from my assigned C.C.I Brown, Resubmitted The July 31,2006, complaint directly to defendant Scribner.

Defendant Edwards on September 28,2006, Retaliatorially removed the finalized copy of the CDC-115 and Returned the complaint unfiled averring, "I hadn't identified the Person involved or submitted the complete CDC-115".

PlaintIff on October 4,2006, served upon Defendants Scribner, Dovey, Regional Administrator-South, Mr. John Hagar, a six(6) page Brown v. Valoff, memorandum placing these Defendants on Notice the wonton retaliatorially motivated Refusal to mandate filed the June 13, July 31,2006 complaints against Defendant Robles would be treated as Exhausted.

PlaintIff on January 16,2007, submitted the complaint directly to Defendant Dovey for filing, also submitted was the July 31,2006, complaint.

37.

Plaintiff on August 16, 2006, submitted a Disciplinary appeal directly to Defendant Scribner, challenging Defendants Robles, false Rules Violation. And mc.nains, findings, Defendant Scribner cause the appeal to be assigned to Defendant Edwards, who retaliat orally denied the complaint which was ratified by Defendant T.Ochoa, acting chief Deputy warden, acting on behalf of Defendant Scribner.

Plaintiff on September 18, 2006, submitted the Disciplinary appeal to Defendant Dovey for third level Directors review. Defendant Dovey caused the appeal to be assigned to Defendant Grannis who assigned Defendant J. Stocker, However despite the clear corpus of evidence demonstrating a retaliatory motive for the Disciplinary action, Defendant Stocker Retaliatorally denied the disciplina ry appeal, Defendant Stocker's Findings were retaliat orally ratified by Defendant Grannis, which acting on behalf of Defendant Dovey.

Plaintiff on August 23, 2006, submitted directly To Defendant Scribner acting warden a cdcr 602 Form complaint against Defendant ⬛ Robles,

38.

AGAIN ALLEGING: " The filing of A RETALIATORILY HArbored disciplinary infraction"

Defendant Scribner caused the complaint to be assigned To Defendant Edwards, However Defendant Edwards in RETALIATORY Mode for the July 13,2006 complaint AgAinst Robles, RE-CATEGORized The complaint to A disciplinary APPEAL AS A Subterfuge To The imposition of discipline AgAinst Robles, Thus DEFENDANT Edwards denied The complaint, DEFENDANT ochoA, AgAin Acting on behalf of DEFENDANT Scribner, RETALIATORILY RAtified The denial of The complaint.

PlAintiff on october 29,2006, Submitted The complaint directly To DEFENDANT Dovey, for Director's review, Defendant Dovey caused The complaint To be Assigned To DEFENDANT GrAnnis, who Then Assigned DEFENDANT P. D. VerAi who despite The clear corpus of evidence demonstrating DEFENDANT Robles RETALIAtorAlly HArbored disciplinary rules violation report filing As well As The wAnton RETALIATorAlly HArbored deliberate indifference To PAin And SuFFering Acted To RETALIATORAlly deny The complaint, Defendant verAis findings were RETALIATorAly rAtified by DEFENDANT GrAnnis while Acting on behalf Of DEFENDANT Dovey.

39.

Defendants Robles, Doe nurse, Edwards, Janda, Bell, Ochoa, Dovey, Regional Adminis Trator-South Grannis, Stocker, Vera, McCain. Actions didn't advance any legitimate penological goal but was imposed to chill plaintiffs First Amendment Rights, Thus These Defendants actions further culminated in Life Threatening Physical and Psychological harm to plaintiff.

Plaintiff in May 2007, obtained the July 13, 2006, July 31, 2006, complaints retaliatorally refused filing, and the filed and screened out from Defendants Dovey, Tipton, via Defendants Grannis, Emichle, refused compelled filing.

See 42 USC 1997 e (A) This complaint pg 14.)
See Rhodes V. Robinson, This complaint pg 14.)
See Braun V. Waloff, This complaint pg 14.)

It is submitted Defendants Edwards, Bell, Janda, Ochoa, Scribner, Dovey, Tipton Grannis, Emichle, Retaliatorally made Fulfillment of the filing and Exhaustion of Available Administrative Remedies pursuant To 42 USC 1997(e), (A) unavailable to plaintiff in Retaliation for use of the Prison grievance System Against Defendants white, Quills, Perez,

40.                    Submitted:

## CAUSE OF ACTION

### 11.

PLAINTIFFS FIRST, FIFTH, EIGHTH, FOURTEENTH AMENDMENT RIGHTS NOT TO BE RETALIATORALLY DISCIPLINED WERE VIOLATED BY DEFENDANTS M. VITELA, S. RUDLEDGE'S PROPAGATION OF FALSE DISCIPLINARY INFRACTION, AS WELL AS DEFENDANTS L.E. SCRIBNER, D. EDWARDS, D.W. BELL, J. TIPTON, N. GRANNIS, S. EMICHIE, RETALIATORALLY HARBORED REFUSAL TO FILE OR ALLOW EXHAUSTION OF JANUARY 28, 2007, CDCR 602 PRISON GRIEVANCE COMPLAINT AGAINST VITELA, RUDLEDGE IN VIOLATION OF FIRST AMENDMENT AND 42 USC 1997(e)(A) PLRA

41

PLAINTIFF ON JULY 19, 2006, WHILE IMPRISONED AT RETALIATORALLY TRANSFERRED CALIPATRIA PRISON, WAS ORDERED CONFINED IN Ad-Seg ALONE WITH HIS CELLMATE ALLEGEDLY FOR BATTERY UPON EACH OTHER ALLEGEDLY WITH PLAINTIFFS MEDICALLY ISSUED WALKING CANE, THE ORDER OF CONFINEMENT WAS MANDATED BY MR. M.E. RISAN, LT, PREDICATED PRIMARILY UPON THE ALLEGED OBSERVATIONS OF DEFENDANT M. VITELA, LT, M.E. RISAN IS NOW DECEASED.

PLAINTIFF ON AUGUST 2, 2006, WHILE SO CONFINED IN Ad-Seg PREDICATED ON THE ALLEGED BATTERY CHARGE ALONE, WAS ISSUED A RETALIATORALLY HARBORED CDCR-115 DISCIPLINARY CHARGE FOR BATTERY ON AN INMATE WITH A WEAPON (CANE) UPON MY CELLMATE.

COMPLAINT CDCR-602 form COMPLAINT PURSUANT TO Penal Code 147 AGAINST DEFENDANT ROBLES.

PLAINTIFF ON JANUARY 22,2006, while imprisoned AT Retaliatorain transferred CALIPATRIA PRISON, AND confined in The ctc, submitted DIRECTLY TO DEFENDANT L, E, Scribner, A CDCR-602 form COMPLAINT PURSUANT TO CALIF PENAL CODES 118,1,125, 147, 832.5 AGAINST Defendants M. VITELA Alleging: "RETALIATORAILY HARbored PREPARATION OF FALSE DISCIPLINARY CHARGES"

AND "RETALIATORAILY Harbored RATIFICATION OF THE FALSE DISCIPLINARY Filing" by DEFENDANT S. Rutledge,

DEFENDANT Scribner on or About FEBRUARY 9,2007, RETALIATORAILY Directed his APPEALS UNIT TO deny The Filing of The COMPLAINT AGAINST DEFENDANTS VITELA, Rutledge AS being TIME BARRED despite The clearly established regulatory MANDATES Allowing A TIME LIMIT of TWO TO THREE YEARS TO INITIATE COMPLAINTS Alleging STAFF misconduct.

PLAINTIFF ON FEBRUARY 13,2007, submitted THE COMPLAINT AGAINST VITELA, Rutledge, directly TO DEFENDANT TIPTON The REGIONAL Administrator-South,for compelled Filing, Also made COGNIZANT OF THE CONSTITUTION VIOLATIONS WAS

Prison Rights Abuse Lawer MR, John Hagar.

Plaintiff on or about June 2007, received from Defendant Tipton via Defendants Grannis, Emrich. The complaint and a May 25, 2007, Directive Authored by Defendant Emrich ie Retaliatory Averring: "An Appellant must submit the appeal within 15 working days of the event or decision being appealed or of receiving a lower leirel decision in Accordance with CCR Title 15 3084.6(c)"

<u>Departmental Operations Manuel (Here in After DOM)</u> 54100.2, 54100.14. 5A100.25.1. states:
"An Inmate Appeal Maybe Treated as an emergency if it is categorized as a citizens complaint, filed Two(2) To Three(3) years After The Alleged incident"

<u>CDCR Departmental Policies</u> State:
"Ans Inmate Parolee Appeal that Alleges Misconduct by a Department Peace Officer is considered To be A Citizens Complaint"

Plaintiff submits The Regulatory, And Statutory Mandates Are undisputed, Plaintiffs January 22, 2007, Complaint Against Defendants M. Vitela, S. Rutledge, Alleging Peace Officer Misconduct

could be filed Two to three years After the Alleged
Incident, Thus Defendants Bell, Edwards, scribner
Grannis, Emichie, Tipton, refusal To file The complaint
Was but retaliatorally Harbored.

See 42 USC 1997 (e), (A), This complaint p6 · 14.)
See Rhodes. V. Robinson, This complaint p9 14.).
See Brown V. Valoff. This complaint p9 · 14.

IT IS Submitted Defendants scribner, Bell
Edwards, Tipton, Emichie, Grannis's Retaliatorial
Harbored Refusal To File The January 22 2007,
Complaint AGAINST Defendants Witela, Rutledge,
Made fulfillment of Exhaustion of Available
Administrative Remedies Pursuant To 42 USC 1997
(e), (A) Unavailable To Plaintiff.

IT IS further Submitted Defendants Witela, Rutledge'
Retaliatorally Harbored Propagation of Knowingly
False Disciplinary charges culminated in A
Thirty Three (33) month Security Housing Unit
(Here inAfter Shu) Term Fifthteen (15) months
for The Alleged Battery on An inmate, And
Eighteen (18) for The Alleged Battery on
Staff. As well As Subjecting Plaintiff To
An Assault And Battery And Additional False
Disciplinary charges.

44.



IT IS further submitted these DEFENDANTS
ActiONS AND RATIFICATIONS culminated in wanton
RETAliatorAlly HARbored DeliberATE indifference
TO PlAiNTifFS PAiN AND suffering, AND AS
Such dÌdN'T AdvaNce ANY legÌTimATE penolog-
iCAl GoAls, but was imposed to "chill"
PlAiNTifFS FiRST AmendmeNT RightS, AND
where These DEFENDANTS ActiONS culminated
in PHYSiCAl AND PSYChologicAl hArm TO
PlAiNTiFF in RETAliATiON for use of The
priSoN GrieVANCe SYSTEM AGAiNST DEFENdANTS
white, Robles, perez, GiSAns.

                              Submitted:

                45.

## CAUSE OF ACTION
### IV.

PLAINTIFFS FIRST, FIFTH, EIGHTH, AND Fourteenth Amendment RIGHTS NOT TO BE SUBJECTED TO RETALIATORIALLY HARBORED DISCIPLINE IMPOSING ATYPICAL HARDSHIP were VIOLATED BY DefendANT K. Teeters, AS well AS BY DefendANTS L. E. Scribner, D. W. Bell, J. CAGAIAWAN, J. Curieli, R. J. DOTTAVIANO RETALIATORIALLY HARBORED REFUSAL TO FILE TRANSMIT OR MAIL TO ALLOW EXHAUSTION OF February 12, 2007 CDCR 602 Prison Grievance COMPLAINT AGAINST K. Teeters IN VIOLATION OF FIRST AMENDMENT AND 42 USC 1997(e)(A) PLRA

PLAINTIFF ON JULY 19, 2006, while IMPRISONED AT RETALIATORIALLY TRANSFERRED CALIPATRIA PRISON, Along with his cellmate were confined in Ad-Seg for BATTER UPON EACH OTHER ALLEGEDLY with PLAINTIFFS WALKING CANE.

PLAINTIFF ON AUGUST 2, 2006, while So confined in Ad-Seg was ISSUED A RETALIATORIALLY HARBORED CDCR-115 DISCIPLINARY RULES VIOLATION REPORT Authored BY defendant M. VITELA, AS RATIFIED for FILING BY, Defendant S. Rutledge, CHARGING PLAINTIFF Alone with "BATTERY ON INMATE WITH A WEAPON (CANE)"

DefendANT TEETERS UPON Delivery OF THE DISCIPLINARY REPORT SUPPRESSED A THIRTEEN (13) PAGE incident Report which removed from PLAINTIFFS Defense The TESTIMONY OF MR. M. E. RISAN, LT, who's Deceased but would have TESTIFIED Among OTHER Things: " HE ordered PLAINTIFF AND his cellmate confined in Ad-Seg Allegedly For BATTERY UPON EACH OTHER PREDICATED PRIMARILY ON THE OBSERVATIO OF DEFENDANT M. VITELA"

PLAINTIFF ON AUGUST 2, 2006 UPON receipt of The disciplinie report believing he'd been Provided All the material Pertaining To the Alleged offense Postponed The DISCIPLINARY Proceeding Pending The outcome of The Presentation Of The Alleged offense foR PassTble Felony Prosecution.

DefendANT Teeters ON November 16, 2006 Provided PLAINTIFF The Thirteen (13) PAGe Incident Report LonG AFTer The death of MR. M.E. RUAN. STATING! "HAMilTon You didn't Lose AnyThing by me Providing the Report SO LATE"

PLAINTIFF ON JANUARY 22, 2007 Submitted To DefendANT Scribner A complAINT PursuANT PenAlcodeS 118.1, 125, 1971, 832.5 AGAinST DefendANTS viTELA, And Rutledge AllegING The RetaliaTory Motivation of The Alleged BATTEry DiSCiPlinAry chARGe AGAinST PlAinTiff

ON JAnuAry 9, 2007 ApproximATely 180 dAYS or more After The Alleged Incident CaliPATriA PriSon AllegedLy referred To the imperial CounTy DiSTricT ATTorneys office The Alleged CASe for POSSible prosecution.

47.

PLAINTIFF on February 10,2007 while confined in the Infirmary at Calipatria Prison was summoned before R. Johnson, LT. who upon introduction inquired WAS PLAINTIFF ready To Proceed with the disciplinary Proceeding because he'd obtained Defendant Teeters Report Avering PLAINTIFF was ready To Proceed. Thereto PLAINTIFF enlightened LT. Johnson: " No PLAINTIFF WASN'T Prepared To Proceed with the Proceedings because PLAINTIFF objected To Defendant Teeters Alleged Assignment As the i.e. PLAINTIFF further Alleged the submission of the false i.e. Report by Defendant Teeters Alleging PLAINTIFF WAS Prepared To Proceed, because PLAINTIFF had no witnesses To be Questioned,"

PLAINTIFF Thus submitted To LT. Johnson he had SIX (6) witnesses To be called And Propounded QUESTIONS To, thus LT. Johnson Allowed the postponement of the Proceedings Allowing PLAINTIFF To submit Questions To the forementioned SIX (6) witnesses, However LT. Johnson Asserted: "He'd Peruse the Allowed Questions To discern if he'd Allow Them To be Propounded To The following witnesses"

48.

1. THE LATE MR. M.E. RUAN. LT.
2. MR. M. VITELA, REPORT EMPLOYEE
3. MR. L. STRATTON LT.
4. MR. R. DELGADO, ASSOCIATE WARDEN
5. I/M GRIFFIN V-91171
6. MR. E. HAMILTON T-33081

---

PLAINTIFF ON February 22, 2007 while confined
in The INFIRMARY AT CALIPATIA PRISON ON
SUICIDE WATCH WAS PROVIDED A FIVE (5)
PAGE I.E. REPORT PREPARED BY C/O Lee
FROM THE WRITTEN QUESTIONS SUBMITTED TO
LT. R. Johnson. (See Exhibit 'E')

   PLAINTIFF ON February 12, 2007, while confined in the
CTC AT CALIPATIA PRISON SUBMITTED DIRECTLY To DEFENDANT
A.E. Scribner, WARDEN, A CDCR 602 FORM EMERGENCY
COMPLAINT PREDICATED ON CALIF PENAL CODES 118.1,
125, 147, 832.5 AGAINST DEFENDANT K. TEETERS,
ALLEGING: " THE SUBMISSION OF A KNOWN FALSE I.E.
          REPORT"

ALSO ATTACHED TO THE COMPLAINT PER CDCR APPELLATE
PROCEDURE WERE ALL SUPPORTING DOCUMENTATION.
                     49.


DEFENDANT BELL ON February 26, 2007 AVERED
IN A MEMORANDUM UPON RETURN OF THE
COMPLAINT TO PLAINTIFF AT THE SATF
  (See Exhibit 'F')    49.

11 A limit of one (1) continuation page, front and back may be attached to the appeal to describe the problem and action requested in Sections A and B of the CDC form 602, 3084.2 (A) (1), Remove unnecessary documents and resubmit

---

While the appellate memorandum was sent to plaintiff at SATF, plaintiff didn't obtain the mail until late march at Lancaster prison, thereto in obedience to the memorandum plaintiff removed the supporting documents which consisted of the original(12) page of questions propounded to plaintiffs six (6) witnesses,

Plaintiff on May 16 2007 after having been provided indigent envelopes submitted one of such envelopes addressed to defendant Scribner containing the defendant testers complaint addressed as confidential legal mail

Plaintiff on May 25, 2007 submitted for filing to Warden Haws a complaint against the mailroom alleging denial of plaintiffs access to the courts by obstructing plaintiff from exhausting administrative

Remedies, Thereto Defendant CAGAIAWAN AT A June 27, 2007 interview denied He WAS ever responsible for sending ANY Confidential Mail To ANY Departmental body, Defendant CAGAIAWAN's decision WAS Ratified by Defendant DOTTAVIANO

PlAinTiff on July 8, 2007 DissATified with Defendants CAGAIAWAN And DOTTAVIANO's willfully false ASSertions Requested A Second level WARdens Review Thus PlAinTiff Avered: " the first level response Taken by Defendants CAGAIAWAN Lives i'n The Theater of The Absurd because CDC hAS i'ts own inter prison mAi'l System And Thus no Additional Postage would be i'ncurred"

Defendant Curiel on July 20, 2007 Avered i'n A memorandum intented To Abridge PlAinTiffs CONSTITUTIONAl RIGHTS:
" You've made inAppropriate STATements. Although The choice of words selected i'n An of Themselves Are not ProfAnity, They were used i'n A manner i'n which, mAkes the statement inAppropriate. The STATement WAS Added To The APPEAl only To MAKE A degrAd'ing comment About STAff. (The STATement WAS not necessAry for The Processing of The APPEAl) Remove The inAPPropriATe STATement And

59

The Appeal will be screened based on its merits)

Plaintiff upon perusal of Defendant Curiel's July 20, 2007 memorandum in a moment of Appeasment inked out the word "Absurd" However because of Plaintiff's current Ad-Seg Status All Staples Are Removed from his mail, thus when perusing Another two (2) Abridgment memorandums Authored by Defendant Curiel dated June 25, 2007 And July 5, 2007 Plaintiff inAdvertently Added the July 20, memorandum to the June 25, 07, July 5, 07 memorandums, thus MR. Curiel in a Retaliatory motivated Act cancelled the Appeal without comment from Plaintiff. (See Exhibit "6")

52.

Plaintiff on July 22, 2007, while Hospitalized in the CTC At Lancaster Prison Submitted the teeters complaint to Defendant Curiel, Requesting he transmit the complaint And Exhibits to the Appeals unit At Calipatria Prison.

Defendant Curiel on August 3, 2007, Responded:

"You must file directly with Calipatria State Prison to Resolve this issue As it is beyond the Jurisdiction of LAC"

52.

See 42 USC 1997(e), (A) This Complaint pg 14.)

See Rhodes V. Robinson, This Complaint pg 14.)

See Brown V. Valoff, This Complaint pg 14.)

CCR Title 15 3084.1 Right To Appeal States:
a) " No Reprisal Shall be Taken Against An inmate
or Parolee for filing An Appeal"

IT is Submitted Defendants Bell, Scribner's
Retaliatorially harbored refusal To File the February
12, 2007 Complaint Against Defendant K. Teeters, As well
As Defendants Cagalawan, Curiel Dottain And
Ratification of Cagalawans refusal To use The inter
prison mail And Curiel's refusal To Transmit the
complaint TO The Appeals unit At Cali Patria
prison, made Fulfillment of The Exhaustion of Available
Administrative Remedies Pursuant To 42 USC 1997
e), (A) Unavailable To Plaintiff.

IT is further submitted Defendant Teeters
Retaliatorially harbored Suppression of the incident
report culminated in Plaintiff being confined in
Ad-Seg / Ash / Shu 33 months, Assaulted And Battered,
Falsely charged with Battery on Defendant Moening,
And Subjected To numerous Scores of Deliberate
indifference To Pain And Suffering, which wouldn't
have occurred had Plaintiff been Allowed To mount
An Adequate defense To The Battery on An inmate
charge with the testimony of now deceased witness
Lt. M.e. Ruan

53.

Thus these DEFENDANTS ACTIONS AND RATIFICATIONS
didn't Advance ANY legitimate Penological goals
but was imposed to "chill" PLAINTIFFS FIRST
Amendment Rights, And where these DEFENDANTS
ACTIONS culminated in PHYSICAL And PSYCHOLOGICAL
harm to PLAINTIFF in RETALIATION for use of the
Prison Grievance System AGAINST DEFENDANTS
white, Perez, QUAILS, CAGALAWAN, Robles

SUBMITTED:

54.

## CAUSE OF ACTION

### V.

PLAINTIFFS FIRST, FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO A CONSTITUTIONALLY SOUND DISCIPLINARY HEARING WERE RETALIATORILY DEPRIVED BY DEFENDANT M. MCNAIT; AS WELL AS RIGHT TO FILE OR EXHAUSTION ALLOWED OF AUGUST 30, 2006 PRISON GRIEVANCE AGAINST DEFENDANT M. MCNAIT IN VIOLATION OF FIRST AMENDMENT AND 42 USC 1994 e A BY DEFENDANTS L. E. SCRIBNER, J. DOVEY, W. STILL

PLAINTIFF ON JULY 31, 2006, WAS PROVIDED A Sham DISCIPLINARY HEARING before DEFENDANT M. MCNAIR, AT The disciplinary proceeding PLAINTIFF Pled not GUILTY AND STATED: "The disciplinary Change filed TWO (2) WEEKS AFTER PLAINTIFFS submission And, ASSIGNMENT FOR INVESTIGATION OF PLAINTIFFS JULY 13, 2006, COMPLAINT AGAINST DEFENDANT Robles, WAS in retaliation OF SAID COMPLAINT AGAINST DEFENDANT Robles, Alleging WANTON Deliberate indifference TO MEDICAL needs"

PLAINTIFF FURTHER ATTEMPTED TO CALL C/O APODACA AS A WITNESS, who would have TESTIFIED:

"IT WAS IMPOSSIBLE FOR PLAINTIFF TO STAND erect during HIS INITIAL observation of PLAINTIFF Prior TO or AFTER DEFENDANT Robles Departure from The cell"

This Defendant McNair in retaliation for Plaintiffs July 13,2006 complaint against defendant Robies, denied the presence of witnesses. And imposed a retaliatorally Harbored finding of Guilt. Defendants Scribner, Edwards, Janda, Ochoa, on DISCIPLINARY APPEAL openly retaliatorally ratified defendants Robies False Filing, and McNairs retaliatorally based findings.

Plaintiff on August 30, 2006, submitted directly To Defendant L.E. Scribner, acting warden a CDCR Form 602 complaint pursuant to calif penal codes 147, 832.5 against defendant M. McNair, alleging:
"Retaliatorally Harbored imposition of Guilt To Robies FALSE disciplinary rule violation Report"

Defendant Scribner on September 1, 2006, retaliatorally refused to file the complaint against McNair Again Alleging: "The complaint was time Barred"

Plaintiff on October 30, 2006, served defendants Dovey, The Regional Administrator-South A two (2) page memorandum requesting, defendant scribner be mandated to file and process the complaint against defendant M. McNair. Thereto defendants

56.

Scribner, ochoA, on november 16,2006, by mail
AGAin denied The filling of the AUGUST 30,2006
complaint AGAinst Defendant m. mcnair AS time.
BARRed, Thus Defendants scribner, Edwards, ochoA,
Bell and Defendants further ATTempTed To RETAliat-
orally shield defendant mcnair from The complaint
AGAinst him, by changing The cATegory of The complaint
To A disciplinary APPEAl, This FACT is based on,
PlAintiff had Already Filed And completed. The
one And only Allowed disciplinary APPEAl from mcnairs
imposition of Guilt.


Dom 54100.2,54100.19,54100.25.1 STATES:
" An inmate APPEAl mAybe TreATed AS An emergency
if it is cATegorized AS A citizens complaint Filed
Two(2) To Three(3) years After The Alleged incident"


CDCR DEPARTMENTAl Policies STATE:
" An inmate/PARolee APPEAl ThAT Alleges misconduct
by A DEPARTmENT PEAce officer is considered To
be A citizens complaint"


PlAintiff submits The undisputed ReGulAtory
mandates of The Dom Demonstrates Defendants
scribner, Bell, edwards, ochoA, Dovey, ReGional
Administrator-souths refusal To File The AuGusT
30,2006 complaint AGAinst Defendant m. mcnair

WAS VIOLATIVE OF PLAINTIFFS FIRST, FIFTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS.

PLAINTIFF FURTHER SUBMITS THESE DEFENDANTS RETALIATORIALLY HARBORED RATIFICATIONS OF DEFENDANTS ROBLES AND MCNAIRS ACTIONS CULMINATED IN WANTON DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING, AND AS SUCH DIDN'T ADVANCE ANY LEGITIMATE PENOLOGICAL GOALS BUT WAS IMPOSED TO CHILL PLAINTIFFS FIRST AMENDMENT RIGHTS, THERETO THESE DEFENDANTS ACTIONS CULMINATED IN PHYSICAL AND PSYCHOLOGICAL LIFE THREATENING HARM TO PLAINTIFF.

See 42 USC 1997 e (A), THIS COMPLAINT PG 14.)
See Rhodes V. Robinson, THIS COMPLAINT PG 14.)
See Brown V. VALOFF, THIS COMPLAINT PG 14.)

IT IS SUBMITTED DEFENDANTS SCRIBNER OCHOA, DOVEY, REGIONAL ADMINISTRATOR-SOUTH EDWARDS, RETALIATORIALLY MADE FULFILLMENT OF FILING AND EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES PURSUANT TO 42 USC 1997 e (A) UNAVAILABLE TO PLAINTIFF IN FILING THE COMPLAINT AGAINST DEFENDANT M. MCNAIR, IN RETALIATION FOR USE OF THE PRISON GRIEVANCE SYSTEM AGAINST DEFENDANTS WHITE, QUALLS, PEREZ, ROBLES.

58.          SUBMITTED:

## CAUSE OF ACTION
### VI.

PLAINTIFFS FIRST, EIGHTH, AND FOURTEENTH
Amendment RIGHTS TO BE Free From cruel
And unusual Punishment were violated BY
K. SAIZER, K. manuel, who subjected PLAINTIFF
TO wanton Retaliatory/Ain Harbored Deliberate
Indifference TO PAIN AND suffering. As well AS
DefendAnts L. E. scribner, T. ochoa, D. Edwards,
D. W. Bell, J. Dovey, J. Tipton, N. Giannis, S. Emighe
Retaliatory/Ain Harbored Refusal TO File or Allow
Exhaustion of November 29, 2006 prison Grievance
AGAINST MANuel, SAIZER IN violation of FIRST
Amendment And 42 USC 1997(e)(A) PLRA

---

PLAINTIFF on november 5, 2006, while imprisoned
AT CALIPATRIA Prison, And housed IN Ad-seg
during A.m. medication delivery Told DefendAnt
SAIZER of the need TO be ASSessed by A Doctor
Due TO experiencing severe PAINful object SharP
PAIN in the spine And lower BACK, shortly
After the DEPARTure of DefendAnt SAIZER, mta,
PLAINTIFF was visited BY R. Pool, Psychologist
who PLAINTIFF Provided A HEALTH cAre HEALTH
in which mR. Pool Averred he'd PersonAlly deliver
TO DefendAnt K. mAnuel, RN AT the centrAl
heAlth emergency room, The HeAlth services
Request sought immediate ASSessment for

" SEVERE BACK AND STOMACH PAIN, CULMINATING
IN VOMITING AND HEADACHES"

DEFENDANT SAIZER AT P.M. MEDICATION DELIVERY
due TO PLAINTIFFS SEVERELY PAINFUL SPINAL
AND LOWER PAIN which PRECLUDED PLAINTIFFS
AMBULATION TO THE CELL DOOR TO OBTAIN his
MEDICATION, COMPELLED DEFENDANT SAIZER IN CLEAR
VIOLATION OF MEDICAL POLICIES TO LEAVE THE
ENSURING MEDICATION ON THE FOOD PORT, STATING:
" RN MANUEL SAID SHE'D PLACE YOUR NAME
ON THE RN'S LINE FOR November 6, 2006"

PLAINTIFF ON November 6, 2006, while CONFINED
IN AD-SEG AT RETALIATORIALLY TRANSFERRED CALIPATRIA
PRISON, CONTACTED AD-SEG GUARDS COMPLAINING OF
HEART ATTACK LIKE SYSTEMS, where AN OBJECT
LIKE PAIN IN PLAINTIFF LOWER BACK AND SPINE
CULMINATED IN LIGHTHEADNESS, SHORTNESS OF BREATH,
VERY VERY HIGH BLOOD PRESSURE AND NEAR
UNCONSCIOUSNESS, THUS PLAINTIFF WAS TRANSPORTED
VIA AMBULANCE TO THE PRISONS CENTRAL EMERGENCY
CODE 3.

PLAINTIFF UPON ARRIVAL AT THE EMERGENCY ROOM WAS ADMINISTERED AN E.K.G., TOPICAL SHOTS, NEURONTIN AND OTHER MEDICATIONS before being Admitted To The CORRECTIONAL TREATMENT CENTER (Here in AFTER CTC) by DEFENDANT S. Thomas.

PLAINTIFF ON November 27,2006, SUBMITTED DIRECTLY TO DEFENDANT L.E. Scribner, ACTING WARDEN A CDCR 602 FORM COMPLAINT PREDICATED ON CALIF PENAL CODES 147, 832.5 AGAINST DEFENDANTS K. SAIZER, MTA, K. MANUEL, RN, ALLEGING:
      " DELIBERATE INDIFFERENCE TO
       Serious medical needs"

DEFENDANT Scribner And his APPEALS UNIT UNDER DEFENDANTS Edwards, Bell, RETALIATORILY Denied The FILING OF The COMPLAINT AGAINST DEFENDANTS SAIZER, MANUEL AS TIME BARRED.

PLAINTIFF ON December 19,2006, RESUBMITTED THE COMPLAINT TO DEFENDANT Scribner in A Brown v. Valoff, memorandum, MANDATING The FILING OF The COMPLAINT, OR PLAINTIFF WOULD HAVE EXHAUSTED The AVAILABLE Administrative Remedie To him, ALSO Served The memorandum were DEFENDANT Regional Administrator-South, MR. John HAGAR, Prison Abuse ATTORNEY, MR. Robert Sillen, medical RECIIVERShip M.D.

61.

Defendant ochoA on JANUArY 9,2007, Acting for Defendant scribner, Retaliatorally Refused To Allow The filling of the complaint AGAINST MAnuel, SAIzer.

PlAINTIFF on JANUArY 16,2007, submitted The complaint DirectlY To Defendant Dovey For filling.

Defendant S, EMichle on APril 24,2007, ACTing For Defendants Dovey, Tipton, Grannis, RetAliatorally despite clearly ESTAblished Regulatory, STATUTOrY LAw, Refused To mandate Defendant scribner To Adhere To The Rule of LAw and FINe The complaint AGAINST SAIzer, manuel. asserting:

" An APPellANT MUST submit The APPeal within 15 working days of The event or decision being APPealed, or of receiving A lower level decision in Accordance with ccr Title 15 3084.6(C)

Departmental operations manuel (Herein After DOM) 54100.2; 54100.19; 54100.25.1 STATES:

" All inmate APPeal mAybe TreATed AS AN Emergency if it is cATegorized AS A citizens complaint filed Two(2) To Three(3) YeArs After The Alleged incident "

62.

See 42 USC 1997 e (A) This Complaint pg 14.7
See Rhodes V. Robinson, This Complaint pg 14.7
See Brown V. VALOFF, This Complaint pg 14.7

IT IS Submitted Defendants Edwards, Bell, Ochoa, Dailey, Tipton, Grannis, Emichle, The Regional Administrator-South's refusal To file and allow Exhaustion of The timely Complaint Against Defendants Salzer, Manuel, made fulfillment of The Exhaustion of Available Administrative Remedies pursuant to 42 USC 1997 e (A) Unavailable To Plaintiff.

IT IS further Submitted Defendants Manuel and Salzer's Retaliatorally harbored refusal To Assess or pass Plaintiffs Medical Concerns on To Qualified Medical Doctors Culminated in Life Threatening Wonton Deliberate indifference To pain and Suffering,

IT IS further Submitted Defendants Scribner, Ochoa, Bell, Edwards, Dailey, Tipton, Grannis, Emichle, Regional Administrator-South's Retaliatorally harbored refusal To file The Complaint in The face of Unambiguous Clearly Established Law Culminated in Ratification and Wonton Deliberate indifference To pain and Suffering, and As such Didn't Advance Any legitimate Penological Goal, but was imposed

TO "chill" PLAINTIFFS FIRST AMENDMENT RIGHTS
AND further CULMINATED IN PHYSICAL AND PSYCHO
logical Life THREATENING HARM TO PLAINTIFF
for use of The PRISON GRIEVANCE SYSTEM
AGAINST DEFENDANTS WHITE, Gollini, PEREZ,
ROBLES,

Submitted:

## CAUSE OF ACTION
### VIII.

PLAINTIFFS FIRST, FIFTH, EIGHTH AND
FOURTEENTH AMENDMENT RIGHTS TO BE FREE
FROM CRUEL AND UNUSUAL PUNISHMENT WERE
VIOLATED BY DEFENDANT SELEANA A. THOMAS
WHO SUBJECTED PLAINTIFF TO WONTON RETALIATORIAN
HARBORED DELIBERATE INDIFFERENCE TO PAIN AND
SUFFERING; ASWELL AS DEFENDANTS L.E. SCRIBNER,
D.W. BELL, D. EDWARDS, J. DOVEY, J. TIPTON W.
STILL RETALIATORIAN HARBORED REFUSAL TO FILE OR
EXHAUSTION OF DECEMBER 18, 2006 CDCR 602
GRIEVANCE COMPLAINT AGAINST THOMAS IN VIOLATION
OF FIRST AMENDMENT AND 42 USC 1997(e)(A) PLRA

PLAINTIFF ON November 6, 2006, while imprisoned AT
Retaliatorally Transferred CALIPATTIA Prison AND
confined in Ad-Seg predicated on Defendant VITELA'S
FALSE DISCIPLINARY ACTION, CONTACTED Ad-Seg STAFF complain-
ing OF HEART ATTACK like SYSTOMS where A SHARP
object like PAIN CUMINATING IN lightheadness, short-
ness OF breath, NEAR unconsciousness, very very high
blood Pressure, THUS PLAINTIFF WAS TRANSPORTED TO The.
emergency room VIA Ambulance code 3.

PLAINTIFF UPON ARRIVAL TO The emergency WAS WAS Provided
AN EKG, TORADOL Shots, neurontin, AND other medications
before being Admitted TO The correctional TREATMENT
center (Herein After CTC) by DEFENDANT S.A. THOMAS.
for observation AND chronic Lower BACK PAIN, PLAINTIFF
for The FIRST Three (3) dAYS WAS Administered TWO (2)
hirty 80 mg shots of TORADOL dAily, his BACK SPASMS
medication of TEGRATAL, discontinued AND REPLACED WITH
neurontin, AND Provided 800 mg motrin for APPROXIMATELY
EIGHT (8) dAYS.

PLAINTIFF on November 8, 2006 while Hospitalized in The CTC
predicated upon A Prior APPOINTMENT WAS Provided AN MRI
of his BACK by An on cite mobile unit.

65.

PlAINTIFF ONS November 9,2006, Despite his
Demonstrated inability TO Ambulate without
Sharp PAINFully severe SPINAl And chronic Lower
BACK PAIN WAS Subjected TO WANTON RETAlIATORily
HARbored Deliberate indifference TO PAIN And
Suffering BY DeFendANT S.A. Thomas, Who
DISchARGed PlAINTIFF FROM The CTC, However
PRISON OFFiciAls, initiAlly reFused TO Re-House
PlAINTIFF in Ad-Seg where PlAINTIFFS MedicAl condition

And inAbility TO Ambulate demonstrated iF Housed
in Ad-SEG without The MedicAl deVices needed, PlAINTIFF
Could n'T obtAin medicAtions, food, use OF The ToileT,
without SusTAINING liFe ThreAtening injuries, Thus,
From November 9 Thru 14,2006, PlAINTIFF ConFINement
in The CTC inFirmAry WAS Termed "AdministrATIve
Custody Hold only" Thus despite PlAINTIFFS demon-
strated inAbility TO Ambulate TO The ToileT, or Shower
eight(8)DAYS without STAFF AssisTANce, deFendANTs
Thomas, mAnuel, SeuTell, orduno, Around The clock mounted
continued pressure ons AdministrATIve STAFF TO
Rehouse PlAINTIFF in Ad-seg. 66.

PlAINTIFF ONS November 14, 2006, PursuANT TO deFendANT
Thomas' November 9, DISchArge WAS ForceFully removed From
his CTC Bed i lOADed into A wheelchAir hAnd And Ankle cuFFed,
Then wheeled with his Feet drAGGING The Ground A Third 3rd of A
mile TO The Ad=seg unit, once AT The Ad-seg unit STAFF
Discerned PlAINTIFFS inAbility TO Ambulate coupled with The
eFFects of The PAINFul FooT drAGGING, Thus PlAINTIFF WAS immediAtely
TrAnsrted ViA AmbulAnce bAck TO The CTC Assessed by deFendANT
Thomas And AGAIN Housed in The CTC PredicAted on Another AdminisL
TrATIve CusTody Hold, PlAINTIFF once Housed in A cAmerA surveillAnce
CTC room WAS visited by DeFendANT ThomAs who AbrupTly STATed:
" mR. HAmilTON The November 8 2006 mRI depicTs An
ArThrisTIC BACK, And A KnoT or Bump AT The BAse
oF The 'L' SpiNe." 66.

PLAINTIFF While lying in bed on his stomach in tears, inquired of defendant THOMAS:

" If there were nothing medically wrong with me why was I, in such debilitating excruciating pain, culminating from my spine and lower back, and why did it appear as if a red hot rod had been placed down my spine, and also why was the LEFT side of my back numb"

Defendant THOMAS responded: " I don't know, but these things shouldn't preclude you from ambulating"

PLAINTIFF on November 21, 2006, while confined in the CTC at CALIPATRIA PRISON, pursuant to the November 14, 2006 administrative custody hold, was seen by defendant SMITH, the prison's contract orthopedic doctor, who prescribed prednisone, which was administered from November 21-30, 2006, allegedly to reduce spinal swelling"

PLAINTIFF on December 18, 2006, while confined in the CTC at CALIPATRIA PRISON, submitted directly to defendant SCRIBNER, ACTING WARDEN, A CDCR 602 form complaint against Defendant S. A. THOMAS, nurse-practitioner, pursuant to CALIF Penal codes 149, 832.5 ALLEGING:

" Wanton RETALIATORALLY Harbored Deliberate indifference to pain and suffering"

PLAINTIFF on February 13, 2007, upon Defendants, SCRIBNER, BELL, EDWARDS, RETALIATORALLY Harbored refusal to file the December 18, 2006, complaint against THOMAS, submitted to Defendants, SCRIBNER, DOVEY, TIPTON, the REGIONAL Administrator-south a memorandum requesting Defendant SCRIBNER be compelled to file the December 18, 2006

COMPLAINT AGAINST DEFENDANT S.A. THOMAS

PLAINTIFF SUBMITS DEFENDANT THOMAS MAITREATMENT OF PLAINTIFF CAN ONLY BE CASTED AS WANTON RETALIATORALLY HARBORED DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING WHERE THOMAS HAD THE BENEFIT OF PLAINTIFFS NOVEMBER 8,2006, MRI REPORT AT HER DISPOSAL, WHICH DEPICTED TWO(2) LEVELS OF BULGING DISC, AND A CRACKED DISC, BUT DESPITE THIS KNOWLEDGE AND OBSERVATION OF PLAINTIFFS DABILITATING WORSENING CONDITION CONTINUED TO WANTONLY MAITREAT PLAINTIFF AND ENCOURAGED OTHERS IN THE WITH HOLDING OF TREATMENT.

See DOM 54100.2; 54100.19; 54100.25.1 THIS COMPLAINT PG 13.)
See CCR TITLE 15 3084.6 THIS COMPLAINT PG 72
See 42 USC 1997 e (A) THIS COMPLAINT PG 14.)
See Rhodes V. Robinson THIS COMPLAINT PG 14 )
See Brown V. Valoff, THIS COMPLAINT PG 14 )

IT IS SUBMITTED DEFENDANTS SCRIBNER, BELL, EDWARDS, DOVEY, TIPTON, REGIONAL ADMINISTRATOR-SOUTH'S RETALIATORALLY HARBORED REFUSAL TO FILE OR RETURN PLAINTIFF DECEMBER 18,2006, COMPLAINT AGAINST DEFENDANT THOMAS MADE FULFILLMENT OF EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES PURSUANT TO 42 USC 1997(E), (A) UNAVAILABLE TO PLAINTIFF, IT IS FURTHER SUBMITTED THESE

68.

DEFENDANTS ACTIONS CULMINATED IN WONTON DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING. OF WHICH DIDN'T ADVANCE ANY LEGITIMATE PENOLOGICAL GOAL, BUT WAS IMPOSED TO "CHILL" PLAINTIFFS FIRST AMENDMENT RIGHTS AND WHERE THESE DEFENDANTS ACTIONS CULMINATED IN PHYSICAL AND PSYCHOLOGICAL LIFE THREATENING HARM TO PLAINTIFF IN RETALIATION FOR USE OF THE PRISON GRIEVANCE SYSTEM AGAINST DEFENDANTS WHITE, PEREZ, ROBLES, QUALLS

SUBMITTED:

69.

69.

## CAUSE OF ACTION
## VIII.

PLAINTIFFS FIRST, EIGHTH AND FOURTEENTH AMENDMENT
EQUAL PROTECTION RIGHTS TO BE FREE FROM CRUEL
AND UNUSUAL PUNISHMENT BY DEFENDANT G.J. JANDA
WHO CONFINED PLAINTIFF IN AN UNEQUIPPED NON HANDI-
CAPPED ACCESSIBLE ADMINISTRATIVE SEGREGATION CELL
DEMONSTRATING WANTON RETALIATORIAN HARBORED
DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING,
AS WELL AS DEFENDANTS L.E. SCRIBNER, T. OCHOA,
D.W. BELL, D. EDWARDS, J. DOVEY, J. TIPTON, W. STIHL
N. GRANNIS, S. EMIGHIE' RETALIATORIAN HARBORED
REFUSAL TO FILE OR ALLOW EXHAUSTION OF NOVEMBER 15,
2006, CDCR 602 GRIEVANCE COMPLAINT AGAINST JANDA
IN VIOLATION OF FIRST AMENDMENT AND 42 USC 1997
(E) (A) PLRA

PLAINTIFF ON NOVEMBER 14, 2006, WHILE CONFINED IN
THE CTC AT RETALIATORIAN TRANSFERRED CALIPATIR PRISON
PREDICATED ON AN ADMINISTRATIVE CUSTODY HOLD PURSUANT
TO DEFENDANT S. THOMAS'S NOVEMBER 9, DISCHARGE WAS
ORDERED FORCEFULLY REMOVED FROM HIS CTC BED BY DEFENDANT
G.J. JANDA, AND LOADED INTO A WHEELCHAIR ANKLE AND
HANDCUFFED THEN WHEELED A THIRD 3RD OF A MILE TO THE AD-SEG
UNIT WITH HIS FEET DRAGGING THE GROUND, ONCE AT THE
AD-SEG UNIT STAFF DISCERNED PLAINTIFFS INABILITY TO
AMBULATE, COUPLED WITH THE EFFECTS OF THE PAINFUL
DRAGGING OF PLAINTIFFS FEET, THUS PLAINTIFF WAS IMMED-
IATELY ORDERED TRANSPORTED BACK TO THE CTC VIA AMBU-
LANCE, WHERE UPON ARRIVAL HE WAS ASSESSED PARTIALLY BY
DEFENDANT THOMAS AND AGAIN ORDERED HOUSED IN THE
CTC PREDICATED UPON ANOTHER ADMINISTRATIVE CUSTODY HOLD.
PLAINTIFF ONCE HOUSED IN A CAMERA SURVEILLANCED CTC
ROOM WAS VISITED BY DEFENDANT THOMAS WHO
ABRUPTLY AVERRED:

70.

"The November 8,2006 MRI Revealed an Arthristic Back, and a Knot or Bump at the base of the 'L' Spine"

Plaintiff while lying in bed on his stomach in tears inquired of Defendant Thomas:

"If there were nothing medically wrong with me why was I in such d'ability excruciating pain, culminating from my spine and lower back, and why did it appear as if a hot rod had been placed down my spine, and why was the left side of my body numb"

Defendant Thomas Responded: "I don't know, but these things shouldn't preclude you from ambulating"

Plaintiff on November 21 while still confined in the TC predicated on an administrative custody hold was partially examined by Defendant D.G. Smith, who after having placed one(1) finger to Plaintiff's spine prescribed prednisone, which was administered from November 21-30, allegedly to reduce spinal swelling

Plaintiff on November 15,2006, while confined in the TC submitted directly to Defendant L.E. Scribner acting Warden A CDCR 602 form Grievance Complaint predicated on California Penal Codes 149, 832 & 5 against Defendant G.J. Janda, alleging:

"Wanton Retaliatorially harbored deliberate indifference to pain and suffering"

Defendants Janda, Scribner, ochoa on December 8,2006 directed the appeals unit under Defendants Bell, Edwards to Retaliatorially deny the filing of the one day after the incident as time barred"

71.

PLAINTIFF ON December 27, 2006, RESUBMITTED THE JANDA COMPLAINT DIRECTLY TO DEFENDANT SCRIBNER J. DOVEY. J. TIPTON, WS. STILL WITH A _Brown V. VALOFF_ memorandum MANDATING THE FILING OF THE COMPLAINT OR PREMISED UPON "VALOFF" PLAINTIFF HAD OBTAINED ALL THE ADMINISTRATIVE RELIEF AVAILABLE WITHIN THE CALIFORNIA DEPARTMENT OF CORRECTIONS,

DEFENDANT T. OCHOA, ON JANUARY 9, 2007, ACTING ON behalf OF DEFENDANT SCRIBNER, RETALIATORIALY REFUSED TO order _THE ONE DAY AFTER THE INCIDENT COMPLAINT TO be FILED OR PROCESSED_"

PLAINTIFF ON JANUARY 16, 2007, SUBMITTED THE JANDA COMPLAINT DIRECTLY TO DEFENDANTS DOVEY, TIPTON for compelled FILING.

DEFENDANT EMIGHIE ON APRIL 27, 2007, ACTING ON behalf OF DEFENDANTS, DOVEY, TIPTON, GRANNIS, RETALIATORIALY despite CLEARLY ESTABLISHED REGULATORY. AND STATUTORY MANDATES, REFUSED TO MANDATE DEFENDANT SCRIBNER TO ADHERE TO THE RULES OF LAW AND FILE THE COMPLAINT AGAINST DEFENDANT G. J. JANDA.

_CCR TITLE 15 3084.6(C)_ STATES:
" AN APPELLANT MUST SUBMIT THE APPEAL WITHIN (15) WORKING DAYS OF THE EVENT OR DECISION being APPEALED, OR OF RECEIVING A lower level decision"

IT IS submitted Defendant Janda's
Retaliatorally harbored forced Removal of
Plaintiff from the c.t.c. where he was being
medically Accomodated Predicated upon his worsening
mobility impairment with Access to SANITARY
living conditions of wheelchair, walker Access to
Toilet use, Showers, medications, food, To An
unequipped non handicapped Accessible Ad-Seg cell
where Plaintiff was compelled To urinate on
himself And the cell floor, before being Removed
And Rehoused in the ctc subjected Plaintiff To
wanton Retaliatorally harbored deliberate indifference
To Pain And Suffering

See. Helling v. McKinney, this complaint pg 13.)
     Redman v. County of San Diego, this complaint p613.)
     Serrano v. Francis, this complaint. pg 14.)


IT is further submitted Defendants Scribner,
Ochoa, Janda, Bell, Edwards, Grannis, Emechie,
Doney, Tipton  Still's Retaliatorally harbored
Ratification of Defendant Jandas Actions, and
These Defendants Retaliatorally harbored Refusal
To compell Defendant Scribner To file the november
15, 2006 Grievance Against Janda Represented An
Affirmative Proclamation of Policy or custom
in their failure To Take Remedial steps upon
being made cognizant of the wanton Retaliatorally
Harbored Deliberate indifference To Pain And Suffering
violations visited upon Plaintiff By Defendant
Janda.

73.

IN GOMEZ V. VERNON (9TH CIR 01) 255 F3d 1118 HELD:
" DEPARTMENT ADMINISTRATORS ARE LIABLE
IN THEIR OFFICIAL CAPACITY ONLY IF POLICY
OR CUSTOM PLAYED A PART IN THE
VIOLATION OF FEDERAL LAW, A POLICY
OR CUSTOM MAY BE FOUND EITHER IN
AN AFFIRMATIVE PROCLAMATION OF
POLICY OR IN THE FAILURE OF AN OFFICIAL
TO TAKE REMEDIAL STEPS AFTER THE VIOLATIONS"

LIKEWISE THESE DEFENDANTS PROCLAMATION MADE
FULFILLMENT OF EXHAUSTION OF AVAILABLE ADMINISTRATIVE
REMEDIES PURSUANT TO 42 USC 1997 (e)(A) IS AVAILABLE
TO PLAINTIFF

SEE CDCR TITLE 15 3084.6 (C) THIS COMPLAINT P6 (9?)
   CDCR TITLE 15 3084.1 RIGHT TO APPEAL THIS COMP P6 )
   CDCR DEPARTMENTAL POLICIES THIS COMPLAINT P6 (3. )
   DOM 54100.2, 54100.17, 54100.25.1 THIS COMP P6 (3)
   42 USC 1997 (e)(A) THIS COMPLAINT P6 14. )
   Rhodes V. Robinson THIS COMPLAINT P6 14. )
   Brown V. Valoff THIS COMPLAINT P6 14. )


THIS PLAINTIFFS RETURN TO THE CTC AND TREATMENT
FOR SPINAL SWELLING EXHIBITED WANTON DELIBERATE
INDIFFERENCE TO PAIN AND SUFFERING AND AS SUCH
DIDN'T ADVANCE ANY LEGITIMATE PENOLOGICAL GOAL,
BUT WAS IMPOSED TO "CHILL" PLAINTIFFS EXERCISE OF
HIS FIRST AMENDMENT RIGHTS TO PETITION THE
GOVERNMENT FOR REDRESS OF GRIEVANCES, WHERE THESE
DEFENDANTS ACTIONS CULMINATED IN PHYSICAL AND
PSYCHOLOGICAL HARM IN RETALIATION FOR USE OF
PRISON GRIEVANCY SYSTEM AGAINST DEFENDANTS WHITE,
ROBLES, PEREZ, QUAILS.
              24.            SUBMITTED:

CAUSE OF ACTION

VIII.

PLAINTIFFS FIRST, EIGHTH AND FOURTEENTH Amendment RIGHTS TO BE FREE FROM cruel And unusual Punishment were violated BY Defendant E. Orduno, who Subjected PLAINTIFF TO wonton Retaliatorally Harbored Deliberate Indifference TO serious medical needs, And suffering, Aswell AS Defendants L. E. Scribner, T. Ochoa, D. W. Bell, D. Edwards, W. Still, J. Dovey, J. Tipton N. Grannis, S. Emichle, Retaliatorally Harbored Refusal TO file orAllow Exhaustion of December 4, 2006 Prison Grievance complaint AGAINST Orduno in violation of First Amendment And 42 USC 1997e(a) PLRA

PLAINTIFF on November 11, 2006, while confined in The CTC AT Retaliatorally Transferred California Prison Predicated on AN Administrative custody Hold, was denied Breakfast And Lunch by Defendant E. Orduno, RN, who directed C/O's MenA, And Schree. NOT TO Provide PLAINTIFF his food Allegedly TO motivate PLAINTIFF TO leave The bed in his severely Painful spinal condition, even Though PLAINTIFF continued To complaint of such condition.

PLAINTIFF on November 12, 2006 - Again was Retaliatorally Subjected TO cruel And unusual Punishment BY Defendant Orduno, who Directed C/O's MenA And Gray not To Provide PLAINTIFF his Breakfast meal Thus when PLAINTIFF Contacted C/O MenA And requested She Summon her Superior LT. P. Edwards, To Report These C/O's

95.

C/O GRAY being made cognizant by C/O mena of PLAINTIFFS intentions of Reporting his conduct C/O GRAY Abrubtedly Appeared AT PLAINTIFFS Room And ATTEMPTED TO Amend the CONSTITUTIONAL DEPRIVATION By STATING: "HAmilTon Are You GOING TO hAVE Lunch"?

Thus PLAINTIFF ResPonded: "Yes I'm As much interested in having Lunch AS I WAS in having BreAKFAST before You (GRAY) under The Direction of orduna denied iT"

PLAINTIFF on november 13,2006, conTACTed DeFendANT orduna And made her cognizant; whatever her Alleged MOTIVATIONS in denying PLAINTIFFS meAls; she WAS SubJecTING PLAINTIFF TO PAIN And suFFering where PLAINTIFF WAS ALso being denied his right TO TAKE PrescriBed medicATion AFTer each meAl.

PLAINTIFF on november 13,2006, WAS AGAIN RetAli- ATorially Denied his 1:45 P.m. medicATion by DeFendANT mAnuel.

PLAINTIFF on november 16,2006, WAS AGAIN RetAliATorially Denied his much needed PAIN medicATion by DeFendANT orduna, who uPon reFusing To Provide The 1:45 P.m. medicATion FALsiFied The medicATion AdministrATion Log averring She'd Provided The meds To PLAINTIFF.

26.

PLAINTIFF ON NOVEMBER 19 2006, WAS AGAIN RETALIATORILY Denied his much needed 1:45 P.m. PAIN MEDICATION by DEFENDANT MANUEL,

PLAINTIFF ON OR ABOUT NOVEMBER 19 2006 AT 1:45 P.m. MEDICATION delivery enlightened DEFENDANT K, MANUEL, She'd OMITTED TO PLAINTIFF his 1:45 P.m. MEDICATION ON NOVEMBER 13 2006 Thus DEFENDANT MANUEL Responded: "I Don't Know" There To when PLAINTIFF REQUESTED THAT DEFENDANT MANUEL PERUSE The MEDICATION ADMINISTRATION LOG book To REFUTE OR AFFIRM PLAINTIFFS Assertions DEFENDANT MANUEL INDIFFERENTLY STATED: " I don'T Know" AND EXITED The room

PLAINTIFF ON December 4, 2006, SUBMITTED DIRECTLY To DEFENDANT L. E. SCRIBNER, ACTING WARDEN A CDCR 602 form COMPLAINT PREDICATED ON CALIF PENAL Codes 147, 832.5 AGAINST DEFENDANT E. OSCURO RN, Alleging: " DELIBERATE indifference To serious MEDICAL needs, Denial of food"

79.

Defendant Scribner on December 14,2006, Directed his APPEALS unit under Defendants Bell, Edwards, to Retaliatorally Harbored deny the filing of the November 11,2006 complaint against Defendant Orduno, as time BARRED, however Defendants Bell, Edwards Attached a memorandum dated December 14,2006 to the complaint avering: "The attached cdc-602 inmate/parole form has been reviewed by the Chief Deputy warden and has been Assigned to medical for a Fact-finding only due to your Failure to meet time constraints as specified in ccr 3084.6(c) per Administrative Bulietin 05-03(Herein After AB)"

The memorandum further held: "your allegations of staff misconduct has been referred for investigation you will be notified only of the conclusion of the investigation"

Plaintiff on or about December 19,2006, while confined in the CTC at Calipatria prison, was interviewed by P.M. supervising nurse korea, who Avered: "I'll be conducting an investigation into the orduno Fact-finding medical issues and will be getting back to you"

Plaintiff on or about December 24,2006, contacted A.M. supervising nurse Gray, and provided her copies of the November 5,2006, complaint against Defendants manuel, saizer, as well as the November 11,2006, complaint against Orduno, Plaintiff provided nurse Gray a copy of these complaints because She is these Defendant Actual super visar,

Thereto nurse Gray advised she'd also be conducting an investigation into these Defendants actions.

On December 26, 2006, Plaintiff was contacted by nurse Gray and advised pursuant to her investigation into Defendant Orduno's actions, she'd be interviewing C/O Gray (who was instructed not to feed Plaintiff) at his overtime position in the CTC at 3:00 P.M.

Plaintiff on September 11, 2007, while Hospitalized at Lancaster Prison, was provided the entire medical records from his confinement in the CTC at Calipatria Prison, Thereto the medical notes from November 10-20, 2006 were missing.

Plaintiff has not been notified of the conclusion of any of the forementioned alleged investigations.

Plaintiff on December 19, 2006, served upon Defendants Scribner, the Regional Administrator - South, John Hagar, Prison Abuse Attorney, Mr. Robert Sillen, M.D., Receivership, A Brown V. Valoff, memorandum, placing Defendants Doley, who was also served, Scribner Regional Administrator South on notice. Their concerted, retaliatorily Harbored actions in refusing to file or process the complaint against "Brown" would be constitutionally reviewed as making appellate review under Valoff no longer available to Plaintiff thus Allowing Plaintiff to have exhausted all administrative remedies within corrections.

99

Defendant Ochoa on January 9,2007, acting for Defendant Scribner, alone with the complaints and Valoof memorandums attached to them retaliatorially refused to order filed the complaints against Defendants, Manuel, Salizer, Jandai, or Orduno alleging Time Barred.

Plaintiff on January 16,2007, submitted the complaint against Defendant Orduno, directly to Defendant Dovey, for compelled filing.

Defendants Grannis, Emiehie on April 27,2007, acting for Defendant Dovey, Tipton, retaliatorially refused to mandate Defendant Scribner to file and process the complaint against Defendant "Orduno" despite the Brown v. Valoof memorandum

See 42 USC 1997 e(A) this complaint PG 14.)
See Rhodes V. Robinson, this complaint PG 14.)
See Brown V. Valoff, this complaint PG 14.)

It is submitted Defendants Bell, Edwards, Ochoa, Scribner, Dovey, Tipton, Grannis, Emiehie, Regional Administrators - South's retaliatorially Harbored Refusal to file the December 4,2006, complaint against Defendant E. Orduno, made fulfillment of exhaustion of available administrative Remedies pursuant to 42 USC 1997(e)(A) unavailable to Plaintiff.

80.

Departmental operations manuel (Herein After DOM)
" An inmate Appeal may be Treated As An Emergency
if it is Categorized As A Citizens Complaint
filed Two (2) To Three (3) Years After The Alleged
Incident"

CDCR Departmental Policies State:
" An inmate (parolee Appeal that Alleges
misconduct by Departmental Peace officers
is considered To be A Citizens Complaint"

Plaintiff Submits the Regulatory, And Statutory
mandates Are undisputed, Plaintiffs November 11, 2007
Complaint Against Defendant orduno Alleging misconduct
could have been filed Two (2) To Three (3) Years After
The Alleged misconduct. Thus Defendants Scribner,
Edwards, Bell, Ochoa, Dovey, Tipton, The Regional
Administrator South, Grannis, Emigh, the refusal To
file And process The Complaint was but Retaliatorily
Harbored.

Plaintiff Submits Defendant ordunos Actions in food
And medication deprivation, was wantonly deliberate
indifference To Pain And Suffering, And That Defendants
Scribner, Edwards, Bell, ochoa, Dovey, Tipton, Grannis,
Emigh, the Regional-Administrator South, Retaliatorily
Harbored refusal To file The Complaint Against
ordino, culminated in wanton deliberate indifference To

89.

PAIN AND SUFFERING, WHICH UNTIMATLY CULMINATED IN PLAINTIFF ATTEMPTING TO TAKE HIS OWN LIFE, THUS THESE DEFENDANTS ACTIONS DIDN'T ADVANCE ANY LEGITIMATE PENOLOGICAL GOALS, BUT WAS IMPOSED TO "CHILL" PLAINTIFFS FIRST AMENDMENT RIGHTS, AND WHERE THESE DEFENDANTS ACTIONS CULMINATED IN PHYSICAL AND PSYCHOLOGICAL HARM TO PLAINTIFF IN RETALIATION FOR USE OF THE PRISON GRIEVANCE-SYSTEM AGAINST DEFENDANTS WHITE, ROBLES, PEREZ, QUSALS.

SUBMITTED:

## CAUSE OF ACTION

X

PLAINTIFF FIRST, EIGHTH AND FOURTEENTH
AMENDMENT RIGHTS TO BE FREE FROM CRUEL
AND UNUSUAL PUNISHMENT WERE VIOLATED BY
R. SEWTELL, WHO SUBJECTED PLAINTIFF TO WANTON
RETALIATORALLY HARBORED DELIBERATE INDIFFERENCE TO
SERIOUS MEDICAL NEEDS AND SUFFERING, AS WELL AS
DEFENDANTS L.E. SCRIBNER, D.W. BELL' RETALIATORALLY
HARBORED REFUSAL TO ALLOW EXHAUSTION OF December
11, 2006 CDCR 602 GRIEVANCE COMPLAINT AGAINST
SEWTELL, IN VIOLATION OF FIRST AMENDMENT AND 42
USC 1997(e)(A) PLRA    91.

PLAINTIFF ON NOVEMBER 19, 2006, WAS RETALIATORALLY
DENIED HIS MUCH NEEDED 7:45 P.M. MEDICATION
OF MOTRIN BY DEFENDANT R. SEWTELL RN, WHILE
PLAINTIFF WAS CONFINED IN THE CTC AT RETALI-
ATORALLY TRANSFERRAL CALIPATRIA PRISON, THUS
WHEN DEFENDANT SEWTELL PROVIDED PLAINTIFF HIS
7:45 P.M. MEDICATION OF NEURONTIN PLAINTIFF
INQUIRED: " WASN'T HE SUPPOSE TO HAVE BEEN
MUCH NEED MOTRIN FOR PAIN ALONE
WITH THE NEURONTIN DEFENDANT SEWTEL
RESPONDED YOU'LL GET IT LATER"

HOWEVER DEFENDANT SEWTELL NEVER PROVIDED THE
PAIN MEDICATION.

PLAINTIFF ON NOVEMBER 20, 2006, AT A.M.
MEDICATION DELIVERY WAS AGAIN RETALIATORALLY DENIED
MUCH NEEDED PAIN MEDICATION MOTRIN BY DEFENDANT
SEWTELL, DURING MEDICATION DELIVERY, HOWEVER AS ON
NOVEMBER 19, 2006 WHEN PLAINTIFF INQUIRED OF

DEFENDANT SEWTELL: "WASN'T PLAINTIFF TO BE PROVIDED
MOTRIN WITH THE NEURONTIN
DEFENDANT SEWTELL RESPONDED
"OH YOU MUST ASK FOR THAT
MEDICATION" WHICH WAS PROVIDED

PLAINTIFF ON NOVEMBER 21, 2006, WAS AGAIN
RETALIATORALLY DENIED HIS 1:45 P.M. MEDICATIONS
OF NEURONTIN AND MOTRIN BY DEFENDANT SEWTELL.

PLAINTIFF ON NOVEMBER 21, AT 3:30 P.M. WAS
PROVIDED A PARTIALLY MEDICAL EXAMINATION BY
DEFENDANT DR. SMITH, WHO UPON PLACING ONE(1)
FINGER ALONE PLAINTIFFS SPINAL AREA PRESCRIBED
PREDNISONE TO REDUCE SPINAL SWELLING.

PLAINTIFF ON NOVEMBER 20, AT 9:50 A.M. HAD HIS
NEURONTIN MEDICATION DOSAGE CHANGED FROM 300 MGS
THREE (3) TIMES PER DAY TO 100 MGS ONCE PER DAY
BY DEFENDANT THOMAS.

PLAINTIFF ON NOVEMBER 21, AT 9:45 MEDICATION
DELIVERY UPON BEING PROVIDED THE PREDNISONE
MEDICATION INQUIRED OF DEFENDANT SEWTELL:
"WHY SHE'D REFUSED TO PROVIDE PLAINTIFF HIS
MEDICATION OF NEURONTIN, MOTRIN, THUS
SEWTELL RESPONDED BECAUSE DEFENDANT THOMAS
CHANGED THE DOSAGE"

92.

PlAINTIFF on November 28,2006, was RETALIATORILY denied P.M. Medication dosage of Prednisone, By Defendant Sewtell, who waited Three(3) Hours After dinner To Provide PlAINTIFF the much needed SPINAL Reducing PAIN Medication, thus because Prednisone is A Steroid Medication that can culminate in stomach ulcers if not TAKen immediately After or with food, this when Defendant Sewtell ATTempted To Provide the Medication PlAINTIFF explAINed to her he couldn't Bare the effect of Taking Prednisone or Motrin without Food, because the medicATion made PlAINTIFF sicker without TAKing with food, Thus Two(2) of the much needed PAIN medications wAsn't Provided.

PlAINTIFF on December 11,2006, submitted Directly To Defendant L. E. Scribner, ACTING Warden A CDCR 602 form complaint Predicated on CAlif. Penal codes 147, 832.5 AGAINST Defendant R. Sewtell, Alleging: "Deliberate indifference to Serious medical needs"

PlAINTIFF on ebruary 9,2007, while confined in the ?TC AT CAlipATRIA Prison was interviewed concerning the complaint, Thus was the complaint being denied AT The First level of Review, the complaint wAsn't

93.

Dated Stamped returned to plaintiff until February 20, 2007, However plaintiff from February 22, thru March 7, 2007, was on suicide watch at both Calipatria and SATF, where plaintiff did obtain mail forwarded from Calipatria prison all of which because of the suicide watch status was placed in plaintiffs legal property outside his roomdorm.

Plaintiff didn't obtain his legal property upon being transferred to California State Prison Los Angeles County (herein after Lancaster Prison) until approximately May 10, 2007, when it was obtained from the Ad-seg property storage by C/o Nichols.

Plaintiff on May 14, 2007, resubmitted the seutien complaint to Defendant Scribner for a Second level wardens review, attached to the complaint was a one (1) page memorandum entitled:

"Late Submission of Second level Request"

Plaintiff thus explained to Defendant Scribner on February 22, 2007, he was transferred to the substance abuse treatment facility (herein after SATF) at Corcoran calif to a mental health crisis bed, where on March 7, 2007, plaintiff was transferred upon being made a mental patient to Lancaster (LCMS) mental health program, where plaintiff wasn't provided his legal property until May 10, 2007

Defendant Scribner caused the complaint to be assigned to Defendant Bell, who on May 23,2007, Retaliatorally screened out the complaint refusing to further process it alledging:

"11 It is noted the first level response would have been issued to you at your current institution, and not placed in your property in R.E.R, furthermore it appears you altered the date in section f of the appeal, which is the date you allege you resubmitted the appeal"

See 42 USC 1997 e (A) this complaint pg 14.)
See Rhodes v. Robinson, this complaint pg 14.)
See Brown v. Valoff, this complaint pg 14.)

It is submitted Defendants Bell, Scribner's Retaliatorally Harbored refusal to allow the exhaustion by continued processing of the complaint against Seuitell, made fulfillment of exhaustion of available administrative remedies pursuant to 42 USC 1997(e),(A) unavailable to plaintiff.

It is further submitted Defendant Seuitells Retaliatorally Harbored refusal to provide plaintiffs much needed pain medications culminated in wanton deliberate indifference to pain and suffering and as such didn't advance any legitimate penological goal, but was imposed to "chill" plaintiffs First Amendment Rights, and where

95.

These Defendants Actions culminated in Physical and Psychological harm to Plaintiff in Retaliation for use of the Prison Grievance System Against Defendants White, Robles, Perez, Quails.

Submitted:

## CAUSE OF ACTION

### XI.

Plaintiffs First, Eighth and Fourteenth Amendment Rights To Be Free from Cruel and Unusual Punishment were Violated By Defendants K. Ball, Lewin, D.G. Smith who Subjected Plaintiff To Wanton Retaliatorally Harbored Deliberate Indifference to Pain and Suffering, As well As Defendants L.E. Scribner, D.W. Bell, D. Edwards, W. Still, J. Dovey, J. Tipton's Retaliatorally Harbored Refusal To File or Allow Exhaustion Of December 26, 2006 CDCR 602 Grievance Complaint Against Ball, Lewin, Smith in Violation of First Amendment And 42 USC 1997e(a) PLRA

Plaintiff on December 1, 2006, while imprisoned At Retaliatorally Transferred Calipatria Prison and Confined in The CTC Predicated on An Administrative Custody Hold, Pursuant To A CDCR 602 form Complaint To Defendant Scribner was ordered A Medical Examination, Thereto Defendant Ball Conducted A full Medical Physical Examination where despite The clear corpus of

PLAINTIFFS November 8,2006 MRI which Allegedly demonstrated only An Arthristic BACK or spine, with A Knot or Bump AT The BAse of The Lspine. Defendant BAll in total disregard for PLAINTIFFS condition which PLAINTIFF Expressed To her As being Severely PAINFUL SPINAL And Lower BACK PAIN when SITTING, STAnding or wAlking, RetAliatorily concurred with Defendant 9. Thomas's November 9, 2006, Discharge of PLAINTIFF from the ctc by AsseRting: "There wAs nothing medically wrong with PLAINTIFF"

However Defendant BAll in A moment of Absurity referred PLAINTIFF To An neurologist And Physical Therapy.

PLAINTIFF on December 5, 2006, predicated on Defendant BAllS medical Assessment was for ever while in DAbilitating spinal And Lower BACK PAIN removed from his ctc bed by Defendant Jimenze And Rehoused in the Administrative segregation unit Here in After AS(N) By Defendants Jimenze, Asuna, And Retained There by Defendants J. Herrera, Powell, DOE First wAtch sergeant, Thus Predicated upon PLAINTIFFS inability To Ambulate To The toilet while So confined in AS(N) PLAINTIFF began To urinate on himself The bed And cell floor, Thus upon being in such state by the Psychiatrist PLAINTIFF was

· immediately returned to the CTC and confined there predicated on an psychiatrist mental health hold.

Plaintiff on December 9,2006, while confined in the CTC predicated on the mental health hold, was visited by defendant Smith, the States contract orthopedic Doctor who stated:

" Hamilton theres no need for you to be in the C.TC., because. I've perused the November 8,2006, MRI, and all it depicts is an arthristic back, so because theres numerous medications you can take. I'm informing the medical Department to discharge you"

Plaintiff on December 14,2006, wrote Defendant Levin, the prisons chief medical officer a two (2) page memorandism while Plaintiff was confined in the CTC at Calipatria prison. "Requesting to be Treated adequately for what had been told Plaintiff was A Bulging Disc"

Plaintiff on December 29,2006, while confined in the CTC at Retaliatorally transferred calipatria prison, was transported to see Dr., s Anta minal neurologist who had been encouraged by prison medical defendants not to disclose to Plaintiff he was suffering from two (2) levels of bulging disc, and a cracked L5-S1 disc"

98.

who upon perusing plaintiffs November 8, 2006 MRI declared the MRI depicted only 'a Bulging Disc'

Plaintiff from November 14, 2006 thru February 22, 2007, while imprisoned at retaliatorily transferred Calipatria Prison, and confined in the CTC was subjected to retaliatorily harbored deliberate indifference to pain and suffering by defendants Ball, Levin, Smith, Thomas, Young, Lopez, who knowingly and wantonly engaged in or ratified plaintiffs suffering upon being made cognizant by the November 8, 2006 MRI of plaintiffs true medical condition of a cracked L5-S1 disc, two (2) levels of bulging disc, and facet joint disorder which these defendants medically knew would require long term hospitalization, surgery and rehabilitation at an approved prison medical acute care facility, thus these defendants knew all the while the band-aid measures they were retaliatorily employing were tantamount medically to no treatment at all, in light of the corpus of medical evidence at their disposal.

99.

PLAINTIFF on December 26, 2006, while confined in the CTC, AT CALIPATRIA Prison, Submitted directly to Defendant L.E. Scribner, Acting Warden, A CDCR 602 Form complaint pursuant to Calif Penal codes 147, 832.5 Against Defendants Levine, Ball, Smith, Alleging "Wanton Retaliatorally Harbored Deliberate indifference to pain and Suffering.

Defendant Scribner, And his Appeals unit, under Defendants Bell, Edwards, Retaliatorally refused to file or return the complaint,

Plaintiff on February 13, 2007, Submitted to Defendants Scribner Dovey, Tipton, The Regional Administrator-South, A Memorandum requesting Defendant Scribner be mandated to file the December 26, 2006 complaint

D.O.M 54100.2; 54100.14, 54100.25.1 States:
"An inmate Appeal Maybe treated As An Emergency if it is categorized As A Citizens complaint, filed two to three years After The Alleged incident"

100.

See 42 USC 1997(e)(A) this complaint. PG 14..)

See Rhodes V. Robinson, this complaint  PG 14..)

See Brown V. Valoff, this complaint  PG 14.)

IT IS Submitted DEFENDANTS Bell, Edwards, Scribner, Davey, Tipton, The Regional Administrator South Retaliatorally Harbored Refusal To File the December 26, 2006, COMPLAINT AGAINST DEFENDANTS Bell, Levin, Smith, or return such complaint made fulfillment of EXHAUSTION of AVAILABLE Administrative Remedies PURSUANT To 42 USC 1997(e), (A) UNAVAILABLE TO PLAINTIFF.

IT IS further submitted DEFENDANTS Bail, Levin, Smith, INACTIONS culminated in RETALIATORALLY Harbored Deliberate indifference To PAIN AND SUFFERING, And DEFENDANTS Scribner, Davey, TIPTON, Bell, Edwards, The Regional Administrator-South RATIFICATIONS of culminated in wanton Deliberate Retaliatorally Harbored indifference To PAIN AND SUFFERING And, AS Such didn't Advance Any Legitimate Penological Goal but WAS IMPOSED To "chill" PLAINTIFF FIRST Amendment Rights, And where these DEFENDANTS Actions culminated in Physical And Psychological harm To PLAINTIFF in RETALIATION for use of the Prison Grievance System AGAINST DEFENDANTS White, Perez, Robles, Qualls.

101.

Submitted:

CAUSE OF ACTION
XII.

PLAINTIFFS FIRST, FIFTH, EIGHTH AND
FOURTEENTH AMENDMENT EQUAL PROTECTION
RIGHTS WERE RETALIATORALY VIOLATED BY
DEFENDANTS OSUNA, J. JIMENEZ, J. HERRERA,
POWELL, DOE FIRST WATCH SERGEANT, D.G. SMITH,
CONFINEMENT IN AN ADMINISTRATIVE
SEGREGATION CELL WITHOUT MEDICAL APPLIANCES IN
AN UNEQUIPPED NON HANDICAPPED ACCESSIBLE CELL,

AS WELL AS DEFENDANTS L.E. SCRIBNER, G.J. JANDA,
D.W. BELL, D. EDWARDS, J. DOVEY, J. TIPTON,
W. STILL RETALIATORALY HARBORED REFUSAL TO FILE
OR ALLOW EXHAUSTION OF DECEMBER 6, 2006,
NOVEMBER 6, 2007, CDCR EMERGENCY 602
FORM GRIEVANCE AGAINST THESE DEFENDANTS
IN VIOLATION OF FIRST AMENDMENT AND 42 USC
1997(e) (A) PLRA              102

PLAINTIFF ON DECEMBER 5, 2006, WHILE CONFINED IN THE
CTC AT RETALIATORALY TRANSFERED CALIPATRIA PRISON,
PREDICATED UPON AN ADMINISTRATIVE CUSTODY HOLD, WAS
CONFRONTED WHILE LYING IN DABILITATING SPINAL AND LOWER
BACK PAIN IN HIS CTC BED BY DEFENDANT J. JIMENEZ,
WHO ON A PRIOR OCCATION DURING PLAINTIFF CUSTODY CTC
STATUS WAS MADE COGNIZANT OF PLAINTIFFS INABILITY
TO AMBULATE WITHOUT SEVERELY PAINFUL SPINAL AND
LOWER BACK PAIN, THERETO DEFENDANT JIMENEZ AND A
SUBORDINATE COMMENCED IN FORCEFULLY HANDCUFFING PLAINTIFFS
HANDS AND ANKLES, THERE AFTER REMOVING PLAINTIFF FROM
THE BED PLACING HIM INTO A WHEELCHAIR, WHERE THE
C/O WHEELED PLAINTIFF ALONE A BUMPLE ROAD TO THE ASU
BUILDING, PLAINTIFF ONCE THERE WAS WHEELED TO A CELL WHERE
HE WAS UNLOADED FROM THE WHEELCHAIR   BY DEFENDANT
103

Jimenze and the C/O onto a plain mattress, defendant Jimenze then confiscated plaintiffs walking cane.

Plaintiff unable to ambulate to the toilet once dumped in the ASU cell began to urinate on the cell floor. Thus about forty (40) minutes later ASU staff being retaliatorily indifferent to plaintiffs mobility impairment placed plaintiffs dinner meal, blankets, toilet paper, sheets, etc. just inside the cell door plainly out of plaintiffs reach, thus plaintiff without these items to keep warm from the freezing cold night was compelled to get between a torn mattress while dressed in only urine stained wet undershorts.

Defendant Herrera the ASU supervising sergeant approached plaintiffs cell, where plaintiff made him cognizant of the reason for the urine stained floor, and where defendant Herrera clearly observed plaintiffs deplorable living conditions and stated:

" LT, Jimenze and I reviewed your file and we are aware you currently have an 1845 disability verification form noting you can ambulate 100 yards with a cane."

Thus defendant Herrera totally cognizant of plaintiffs mobility impairment status and use of medical devices refused to assist or direct his subordinates to provide plaintiffs meal or living supplies.

103.

PLAINTIFF AT 11:00 P.M. COUNT MADE C/O RAMIREZ COGNIZANT OF HIS LIVING CONDITIONS, PLAINTIFF FURTHER ASKED C/O RAMIREZ TO CONTACT DEFENDANT POWELL, AND THE DOE WATCH SERGEANT MAKING THEM COGNIZANT OF PLAINTIFFS LIVING CONDITIONS AND MEDICAL CONCERNS, THUS WHEN C/O RAMIREZ RETURNED FOR 12:00 A.M. COUNT HE ADVISED:

"   HE'D NOTIFIED BOTH DEFENDANT POWELL, AND
    THE DOE WATCH SERGEANT OF PLAINTIFFS
    MEDICAL CONCERNS AND DEPLORABLE LIVING
    CONDITIONS, AS WELL AS NOTING HIS OBSERVATIONS
    IN THE AS/U LOG BOOK"

HOWEVER DEFENDANTS POWELL, AND DOE FIRST WATCH WATCH SERGEANT RETALIATORALLY ALLOWED PLAINTIFF TO WALLOW IN HIS FREEZING DEPLORABLE LIVING CONDITIONS BEING DELIBERATELY INDIFFERENT TO PLAINTIFFS PAIN AND SUFFERING.

PLAINTIFF ON DECEMBER 6, 2006, WHILE CONFINED IN AS/U AT CALIPATRIA PRISON WAS DENIED HIS BREAKFAST MEAL BY AS/U STAFF WHO DECLARED THEY WEREN'T GOING TO ACCOMMODATE PLAINTIFF BY OPENING THE CELL DOOR AND PROVIDING THE MEAL TO PLAINTIFF.

DEFENDANTS OSUNA, AND JIMENEZ ON DECEMBER 5, 2006 AVERRED TO CTC MEDICAL PERSONNEL:

"   IN REMOVING PLAINTIFF FROM THE CTC WHERE HE WAS
    BEING ACCOMMODATED, THEY WOULD ACCOMMODATE PLAINTIFF
    IN AS/U BY PROVIDING MEALS TO HIS BED, SHOWERS TO AND FROM
    BY WHEELCHAIR AND HIS DAILY MEDICATIONS"

PLAINTIFF AT APPROXIMATELY 10:30 A.M. while confined in ASU was observed by D. Middleton Ph.D laying on a urine Stained mattress in urine covered underwear with a pool of urine on the cell floor next to a neatly rolled supply kit of two (2) blankets, two (2) sheets, clean underwear ETC, sitting next to plaintiffs December 5, 2006 dinner meal which was uneatten, Thereto DR. Middleton inquired what was Plaintiffs problem in laying in his urine stained state, Plaintiff thereto informed DR. Middleton:

"Plaintiff was suffering from dabilitating spineal and lower back pain which precluded plaintiff from ambulation either to the toilet or to the showers or off the bed period"

Thus DR. Middleton stated:
"I can't do anything about your medical condition, but I'll schedule you to see the psychiatrist"

Plaintiff at approximately 1:45 p.m was returned to the central infirmary pursuant to an administrative custody hold and ordered confined in a camera surveillanced room, shortly thereafter due to plaintiffs urine stained state he was wheeled to the shower cleaned up and bedded down.

PLAINTIFF on DECEMBER 9, 2006 while confined in the infirmary PURSUANT to the PSYCHI-TRIST ADMINISTRATIVE CUSTODY HOLD WAS VISTED by DEFENDANT SMITH, the STATES CONTRACT ORTHOPEDTIC. DOCTOR who without AN EXAMINATION OF PLAINTIFF upon entering the room STATED:

"HAMILTON Theres no need for you to be in The infirmary, because I've Perused The November 8, 2006 MRI And All it dePicts is AN ARTHRISTIC bACK, So because Theres numerous MEDICATIONS you CAN TAKE IM informing The MEDICAL DEPARTMENT TO discharge you"

PLAINTIFF further inquired of DEFENDANT SMITH WHAT WAS The nature of The Alleged KNOT or bUMP AT The bASE of PLAINTIFFS L SPINE, PLAINTIFF further inquired of DEFENDANT SMITH:

" WHAT WAS The SOURCE of The dAbilitATING numbness being felt Alone PLAINTIFFS SPINE, from The TAil bone UPTOWARD The middle of PLAINTIFFS BACK"

ThereTo DEFENDANT SMITH DIAGNOSED The MEDICAL Problem AS ARTHRISTIS, However DEFENDANT SMITH RETALIATORAlly And WANTONly bECAME deliberately indifferent TO PLAINTIFFS PAIN And Suffering by refusing TO Prescribe or Advising The Prison

106.

Doctors to Prescribe any medication or treatments for Plaintiff's Alleged Arthristic condition.

DR. Middleton who'd been Present in the room during the Entire exchange between Plaintiff and Defendant Smith inquired when Smith exited the Room:
" MR. Hamilton Are you going to Continue Pissing on the floor"

Plaintiff thereto Responded:
" As long As the medical At Calipatria Prison refused to treat or Accomodate Plaintiff in being Housed with the necessary medical Equipment to reach the toilet, Plaintiff didn't Have A Choice"

DR. Middleton thus Avered:
" I'm referring you to An I.C.C. for Placement in the Eop Program At Another Prison"

Plaintiff on December 8,2006 while still Confined in the infirmary Pursuant to the Administrative Psychiryast custody Hold in the Camera surveillanced room, while in dabilitating Spineal And severe lower back Pain defecated And urinated on the floor when it became to Painful to reach the toilet.

. 107.

PLAINTIFF on DECEMBER 6,2006, SUBMITTED DIRECTLY TO DEFENDANT L.E. SCRIBNER, WARDEN AN EMERGENCY CDCR 602 FORM COMPLAINT PREDICATED on CALIF PENAL CODES 149, 832.5 AGAINST DEFENDANTS J. JIMENEZ, J. HERRERA, POWELL, OSONA, DOE FIRST WATCH, WATCH SERGEANT ALLEGING: RETALIATORAILY HARBORED DELIBERATE WANTON INDIFFERENCE TO PAIN AND SUFFERING, DENIAL of FOOD SANIT ARY LIVING CONDITIONS"

PLAINTIFF on FEBRUARY 23,2007, HAVING NOT OBTAINED A RESPONSE TO THE DECEMBER 6,2006, EMERGENCY COMPLAINT COMPELLED PLAINTIFFS SUBMISSION of A *Brown v. Valoff* MEMORANDUM UPON DEFENDANTS SCRIBNER, DOVEY, TIPTON, REGIONAL ADMINISTRATOR-SOUTH, REQUESTING DEFENDANT SCRIBER BE COMPELLED TO ADHERE TO THE DIRECTORS RULES IN THE FILING OF LAWFUL PRISON GRIEVANCES, HOWEVER THE COMPLAINT WASN'T EVER FILED NOR RETURNED TO PLAINTIFF.

PLAINTIFF on JUNE 10,2007, WHILE HOSPITALIZED IN THE CTC AT LANCASTER PRISON, SUBMITTED A DUPLICATE COPY of THE DECEMBER 6,2006 COMPLAINT DIRECTLY TO DEFENDANT SCRIBNER,

DEFENDANT JANDA on JUNE 14,2007 ASSERTS, AS ACTING CHIEF DEPUTY WARDEN, HE FORWARDED THE COMPLAINT TO DEFENDANTS EDWARDS, BELL, AT THE APPEALS OFFICE.

PLAINTIFF ONS JUNE 20,2004, OBTAINED THE COMPLAINT
FROM DEFENDANTS EDWARDS, BELL, STATING:

" THE APPEAL WAS Screened OUT JUNE 20,2007"


PLAINTIFF ON JUNE 28,2007, RESUBMITTED THE DUPLICATE
COMPLAINT TO DEFENDANT SCRIBNER REQUESTING HE
MANDATE DEFENDANTS BELL, EDWARDS TO COMPLY
WITH THE LAWFUL MANDATE OF ACTING CHIEF DEPUTY
WARDEN JANDA, AND PROCESS THE COMPLAINT


DEFENDANT JANDA ON JULY 11,2007, RESPONDING FOR
DEFENDANT SCRIBNER RETALIATORALLY REFUSED TO ORDER
FILED THE NOVEMBER 6,2006 COMPLAINT ALLEGING
TIME CONSTRAINTS.


PLAINTIFF ON DECEMBER 11,2006, WHILE CONFINED IN THE
ITC AT RETALIATORALLY TRANSFERRED CALIPATRIA PRISON
WAS AGAIN THE SUBJECT OF RETALIATORALLY HARBORED
ATTEMPTS AT BEING REHOUSED IN AN UNEQUIPPED NON
HANDICAPPED ACCESSIBLE Ad-SEG cell, AFTER THE MENTAL
HEALTH CUSTODY HOLD WAS REMOVED, DESPITE PLAINTIFFS
WORSENING CONDITION AND DEMONSTRATED INABILITY TO
AMBULATE.

109.

PLAINTIFF on December 13,2006 while Confined in The infirmary AT CALIPATRIA Prison premised upon the Administrative PSYCHITRIST Custody Hold was Visited by DR. Bellinger who Avered:

" MR. HAMILTON you've been Placed in The mental Health Program AT the EOP level for stress once Imprisoned AT LANCASTER Prison You Should obtain Adequate Medical CARE"

PLAINTIFF on December 19,2006 APPEARED AT An I.C.C. before DEFENDANT JANDA for official Placement in The Enhanced Out Patient Program ( Herein After EOP) PLAINTIFF Thereto Submitted To DEFENDANT JANDA PLAINTIFF Placement in The mental Health Program And Transfer To Another Prison in ITself was Illegal where PLAINTIFFS Imprisonment And Transfer To CALIPATRIA Prison from Ironwood Prison was Retaliatorily imposed. PLAINTIFF Further Avered To DEFENDANT JANDA his Consideration of even Transferring PLAINTIFF without Arriving AT The merits of PLAINTIFFS Retaliatory Transfer from Ironwood was To Illegal.

110.

Defendant JANDA thereto in open
RETALIATION for PlAINTIFFS November 15,
2006 COMPlAINT AGAINST him Refused
To Tender The merits of PlAINTIFFS
RETAlIATORY TRANSfer From Ironwood
Prison STATING: Youre AT CAlIPATRIA
                         Prison because You
                         broke The RuleS AT
                         Ironwood PRISON!!

Thus PlAINTIFF WAS Referred To CSR for
TRANSfer AND PlAcement in The EoP
MENTAl HEAlTh ProGRAM for STReSS
relATed To The INJuries received AT
Ironwood Prison, AS well AS for STReSS
relATed To beiNG RETAlIATOrAlly transferred
From Ironwood To CAlIPATRIA PriSon,
AND for The SubJection of PlAINTIFF
To The WANTon AND deliberATe INfliCTion
of PAIN AND SuffeRING.


PlAINTIFF SubmiTS DEfENdAnTS OSUNA,
Jimenze, HeRRerA, Powell The "DoE"
FIrST WATCH, WATCh SerGeANT, Smith,
were DeliberATely AND RETAlIATOrAlly
INdifferenT To PlAINTIFFS PAIN AND
SuffeRING.

PlAINTIFF furTher SubmITS DefENdANTS
OSUNA, Jimenze, HeRRerA, Powell The
"DoE" FIrST WATCh, WATCh SerGeANT were
WoNToNly RETAlIATOrAlly INdifferenT IN
Their deniAl of cleaN liviNG CoNdiTioNS

11/08

And The denial of Food.

CCR Title 15 3084.6 (c) States:

" An Appellant must submit the Appeal within
15 working days, of the event or decision
being Appealed, or of receiving A lower
level decision".

DOM 54100.25;54100.17;54100.25.1 STATES
" An inmate Appeal maybe Treated As
An emergency, if it is categorized As
A citizens complaint Filed Two (2) To
Three (3) years After the Alleged incident"

CDCR Departmental Policies State:
" An inmate/parolee Appeal That Alleges
misconduct by A Department Peace officer
is considered To be A citizens complaint"

112.

See 42 USC 1997 e (A) This complaint PG 14;)
See Rhodes v. Robinson, this complaint PG 14.)
See Brown v. Valoff, This complaint PG 14.)

It is submitted Defendants Bell, Edwards,
Janda, Scribner, Davey, Tipton, Regional Administration
South's Retaliatorally Harbored Refusal To Fire
The December 6, 2006, Emergency complaint or November
6, 2007 duplicate Against Defendants Jimenez, Henard,
Powell, Doe First watch, sergeant made Fulfillment
of Exhaustion of Available Administrative Remedies
Pursuant To 42 USC 1997(e)(A) unavailable To
Plaintiff.

112.

In Serrano v. Francis (9Th 2003) 345 F3d 1091 Held:

" Prisoners Physical disability coupled with Administrative segregation for nearly two months in a unit that was not designed for disabled persons gave rise to protected liberty interest under Due Process clause; prisoner was denied use of his wheelchair which he was permitted to use in the general population, allegedly could not take proper shower could not partake in outdoor exercise, had to crawl into bed by his arms"


It is further submitted Defendants Osuna, Jimenez, Herrera, Powell, Doe First Watch Sergeant wanton Retaliatorally harbored forced Removal and Retention of Plaintiff in an unequipped non Handicapped Accessible Asu cell without medical Assistance Devices which Plaintiff Possessed while confined in the CTC to prevent crawling on the floor as in Prior incidents, and Defendants Dovey, Tipton, Scribner, Edwards, Bell Regional Administrator-South's Ratification of such denial of Ford, unsanitary living conditions, and being left to wallow in severe Pain culminated in wanton Retaliatorally harbored deliberate indifference to Pain and Suffering, and as such didn't advance any legitimate Penological goal but was imposed to "Chill" Plaintiffs First Amendment Rights, and where These Defendants Actions culminated in Physical and Psychological harm to Plaintiff in Retaliation

113.

For use of the Prison Grievance System Against
Defendants White, Perez, Robles, Quails, McNair.

Submitted:

## CAUSE OF ACTION

### XIII.

PlAINTIFFS FiRST, EiGhTh And FourTeenTh
Amendment RiGhTS To Be FREE FROM CRUel And
UnUSUAl PUNiShMENT WERE ViolATED By DEFENdANT
S. YOUNG, who SUbJECTED PlAINTIFF To WonTon RETAliATOriny
HARbored DelibERATe indiFFERENCE To PAiN And SUFFERiNG
AS WEll AS DEFENdANTS L. E. SCRibNER, D. EDWARDS,
D. Dr. Bell, J. Davey, J. TiPTON, W. STill'S RETAliATORAily
HARbored REFUSAl.
JANUARY 2, 2007, CDCR 602 PRiSON GRiEVANCE COMPlAINT
AGAINST S. YOUNG in VioLATion OF FIRST AMENdMENT And
42 USC 1997 (e) (A) PLRA

PlAINTiFF ON DECEMBER 18, 19, 20, 21, 2006, While Confined
in The CTC AT RETAliATORAily TRANSFERRED CAliPATRiA
PRiSON, PREdiCATED ON AN AdMiNiSTRATiVe CUSTOdy Hold
by The PSYChiATRiST, WAS SUbJECTED To WonTon
RETAliATORAily HARbored DelibERATe indiFFERENCE To
PAiN And SUFFERiNG By DEFENdANTS BAll, ThomAS,
who UPON beiNG MAdE COGNiZANT OF PlAINTiFFS
LACK OF PAiN MEdiCATion REFUSED To TREAT PlAINTiFFS
DAbiliTATiNG SEVERely PAiNFUl LOWER BACK And
SPiNAl PAiN AVERRiNG:" MR. HAMiLTONS MEdiCAl CONCERNS
Should be diRECTED To The NURSE
: FROM hiS FACiLiTY"

114.

However in complete wanton disregard for plaintiffs painful condition, Defendants Ball, Thomas knew plaintiffs facility nurse practitioner defendant S. Young, wasn't onsite at the prison, nor was Young the physician on call (hereinafter "POC".) Thus plaintiff was left to suffer by these two defendants who medically knew, plaintiff debilitating spinal and back pain was coming/emanating from two (2) levels of Bulging disc, and a cracked disc.

Plaintiff on December 20, 2006, informed MTA Cerrello at a.m. medication delivery of the need to be seen by Defendant Young, in order that plaintiff be prescribed something for pain, because the motrin plaintiff had been taking for such a prolonged period had been to give plaintiff stomach pain, thereto MTA Cerrello and others began leaving emergency progress notes for defendant Young enlightening of plaintiffs painful condition.

However Defendant Young on December 21, 2006, again prescribered motrin, despite being made cognizant by nursing staff motrin was hurting plaintiffs stomach.

115.

Defendant Young on December 22, 2006, without the benefit of assessing plaintiff refused to provide any pain or muscle relaxing medications other than Motrin, thus leaving plaintiff without the aid of adequate pain medication to lay and suffered

Plaintiff on December 23, 2006, at A.M. medication delivery inquired of MTA Cerrelo if she would upon the arrival of Defendant Young enlighten Young plaintiff would like to be assessed in order plaintiff might obtain a pain medication, however Defendant Young as the POC didn't visit the prison in the A.M.

Plaintiff at approximately 3:00 P.M. on December 23, 2006, in severe spinal pain contacted nurse Herrera who advised she'd page Defendant Young in hopes of obtaining pain medication and additional Robaxin, and to further enlighten Young of plaintiff desire to be assessed, sometime later nurse Herrera responded:

"Defendant Young. reported she and Defendant concurred the only medication that would be provided was the Motrin which was prescribed by Defendant Young on December 21, 2006, Young alerted she wasn't coming to the prison to see plaintiff"

Thus plaintiff was left to wallow in debilitating spinal lower back and stomach pain by Defendants Young, Ball, Thomas.

DEFENDANT Young on or about December 20, 2006, reported to G. Ramirez, nurse, when Plaintiff requested Robaxin: "Defendant Ball on December 1, 2006 provided a full examination of Plaintiff and found nothing medically wrong, this in concurrance Defendant Young altered she'd only prescribe Motrin to Plaintiff"

Plaintintiff on December 26, 2006, was scheduled and summoned to transfer to the EOP program at Lancaster prison, by Bus. However due to Plaintiffs inability to board the Bus the transfer was cancelled.

Plaintiff on January 2, 2007, submitted directly to Defendant L.E. Scribner, warden, ACDCR 602 form complaint against Defendant S. Young. Alleging: "Wonton retaliatorally harbored deliberate indifference to pain and suffering"

Plaintiff on February 13, 2007, having not obtained notice of the filing of or return of his January 2, 2007 complaint against Defendant Young, submitted directly to Defendants Scribner, Tipton, Regional Administrator South, a memorandum requesting Defendant Scribner be compelled to file the January 2, 2007 complaint. However the memorandum wasn't ever responded to or the complaint filed or returned.

See CCR Title 15 3084.6 Appeal Time Limits This Complaint PG 42.)

See DOM 54.100.2; 54100.19; 54100.25.1 This Complaint PG 13.)

See 42 USC 1997(e),(A) This Complaint PG 14.)

See Rhodes V. Robinson, This Complaint PG 14.)

See Brown V. Valoff, This Complaint PG 14.)


On December 31, 2006, G. Ramirez, Nurse made Defendant Young cognizant of the need to prescribe another medication to Plaintiff for pain where the Motrin had became harmful to Plaintiff.


Prisoner Sagin C-33097, was Hospitalized in the CTC at Calipatria Prison from November 28, 2006 Thru December 8, 2006, on pain control where he was prescribed Vicodin, Elavil, Motrin for Dabilitating Lower Back Pain. By Defendants Ball, Young, on December 4, 2006 Mr. Sagin was Provided an MRI of his back by onsite mobile unit, and voluntarily left the CTC December 8, 2006.


Defendant Young on January 1, 2007, at Approximately 2:00 P.M. as the P.D.C. visited Prisoners Tapia CTC 11, and Jesus Lopez Murcia P-03861, CTC #3

118.

IT IS Submitted Defendants Scribner, Beth Edwards, Tipton, Regional Administrator-South's Retaliatorally Harbored Refusal to file the January 2,2007, complaint Against Defendant Young made fulfillment of exhaustion of available Administrative Remedies Pursuant to 42 USC 1997(e), (A) Unavailable to Plaintiff.

IT IS further Submitted Defendant Youngs maltreatment of Plaintiff can only be casten as Wanton Retaliatorally Harbored Deliberate indifference to Pain and Suffering, where Young ordered the November 8,2006, mri, and thereto was truely cognizant of Plaintiffs Dabilitating Spinal Pain culminating from two(2) levels of Bulging disc, and A cracked disc, thus Predicated uponsuch did n't advance any legitimate Penological Goals but was imposed to "chill" Plaintiffs First Amendment Rights, And where these Defendants Actions And Ratifications culminated in wanton Deliberate indifference to Pain and suffing, Physical And Psychological harm to Plaintiff in Retaliation for use of the Prison grievance System Against Defendants White, Robles, Grails, mcnait, Perez,

Submitted:

119.

## CAUSE OF ACTION
### XIIII.

PLAINTIFFS FIRST, FIFTH, EIGHTH AND Fourteenth Amendment AND EQUAL PROTECTION RIGHTS TO BE FREE FROM cruel AND unusual Punishment were RETALIATORILY violated BY DEFENDANTS J. BUNTEMAN, G.J. JANDA, R. DELGADO, D.W. BELL, T. OCHOA, L.E. SCRIBNER, N. GRANNIS, J. TIPTON, R. MANUEL, who subjected PLAINTIFF TO wonton DELIBERATE indifference TO PAIN AND Suffering BY confinement IN AN Administrative SEGREGATION UNEQUIPPED NON HANDICAPPED Accessible cell.

PLAINTIFF ON JANUARY 4, 2007, while confined IN the CTC AT RETALIATORILY TRANSFERRED CALIPATRIA PRISON PURSUANT TO AN Administrative PSYCHIATRIST Hold, while lying in bed IN DABILITATING SPINAL PAIN, was Physically removed from the CTC bed by DEFENDANT J. BUNTEMAN, while ACTING upon the direction of DEFENDANTS R. DELGADO, G.J. JANDA, Thus despite PLAINTIFFS DEMONSTRATED urine STAINED condition AT THE TIME of his REMOVAL PLAINTIFF was loaded in A wheelchair, ANKLE And handcuffed, And wheeled A third of A(3rd) mile TO Ad-Seg, where PLAINTIFF was AGAIN PHYSICALLY removed from the wheelchair BY DEFENDANT BUNTEMAN AND TWO(2) C/O Subordinates, And PLACED IN Ad-Seg cell A5-125.

120.

Plaintiff on January 5, 2007, while so confined in Ad-Seg. was denied breakfast, when the Ad-Seg staff wouldn't accommodate Plaintiff by opening the cell and providing the meal to Plaintiff, thereto sometime later that day Plaintiff was observed in the urine and defecated stained cell, lying in his own waste by Madden, Facility captain, and Defendant Janda, thus when these officials were again made cognizant of Plaintiffs debilitating spinal numbness, and the fact Plaintiff wasn't precluded from use of the toilet, showers, or obtaining meals, with use of a wheelchair while housed in the CTC, these officials immediately returned Plaintiff to the CTC and ordered him confined there pursuant to another Administrative custody Hold, placed by Defendant Janda.

121.

PlaIntIff once Re-Housed in The CTC was visited by Defendant Ball, where PlaIntIff AgaIn in vaIn despite her medical Knowledge of PlaIntIffs cracked disc, explained To her, TheDabIlITatIng SpInal numbness And lower bACK PaIn was PaIn-fully severe, Thus DefendAnt Ball, Prescribed RobaxIn, which she Knew would do nothIng for PlaIntIffs dabIlITatIng condition. DefendAnt Ball further explaIned She'd scheduled PhysICal Therapy

PlaIntIff on JanuAry 8,2009, while confIned in The CTC PursuAnt To DefendAnt JAndA's JAnuAry 5,2009, custody Hold, was visited by Defendant BulTemAn who STated:" If I moved You To Ad-seg with The Doctor PrescribIng The waIker To You do You ThInk You can FunctIon "

PlaIntIff Responded:" The waIker didn'T AId PlaIntIffs AmbulatIon, iT onlY mAde iT More PaInful, Thus PlaIntIff had dIsconTinued iTS use"

PlaIntIff on JAnuAry 16,2009, submitted directly To DefendAnt L.E. ScrIbner, wArden A CDCR 602 form COMPlaInt PursuAnt To PenAl codes 149, 832.5

AGAINST DEFENDANTS BUNTEMAN, R. DELGADO, ALLEGING:
RETALIATORIALLY WANTON DELIBERATE INDIFFERENCE TO
PAIN AND SUFFERING. THERETO DEFENDANT SCRIBNER
CAUSED THE COMPLAINT TO BE ASSIGNED TO DEFENDANT
JANDA, WHO DESPITE THE CLEAR UNAMBIGUOUS CORPUS
OF MEDICAL EVIDENCE AT HIS DISPOSAL, DEPICTING
DEFENDANTS BUNTEMAN, AND DELGADO'S WANTON DELIBERATE
INDIFFERENCE TO PLAINTIFFS PAIN AND SUFFER, DENIED
THE COMPLAINT AGAINST THESE, DEFENDANTS, OF WHICH
DENIAL WAS RETALIATORIALLY RATIFIED BY DEFENDANT
OCHOA.

PLAINTIFF ON SEPTEMBER 20, 2007, AGAIN SUBMITTED
THE COMPLAINT DIRECTLY TO DEFENDANT SCRIBNER,
WHO ASSIGNED, DEFENDANT D.W. BELL, TO CONDUCT AN
ALLEGED IMPARTIAL INVESTIGATION, DEFENDANT BELL TO
DESPITE THE CLEARLY UNAMBIGUOUS MEDICAL EVIDENCE
OF PLAINTIFF OBVIOUS IMPAIRMENT, DENIED THE
COMPLAINT AGAINST DEFENDANTS BUNTEMAN,
DELGADO, EXONERATING THESE DEFENDANTS OF AN
OBVIOUS VIOLATION OF PLAINTIFFS EIGHTH AMENDMENT
CONSTITUTION RIGHTS, DEFENDANT BELLS RETALIAT-
ORIALLY HARBORED FINDINGS WERE RATIFIED BY DEFENDANT

Ochoa, Acting on behalf of Defendant Scribner.

Plaintiff on October 25, 2007, submitted the complaint directly to Defendant Tipton, who caused the complaint to be assigned to Defendant Grannis, who assigned Defendant Rick Manuel, to conduct an alleged impartial investigation. However defendant Manuel, despite the clearly unambiguous medical evidence at his disposal demonstrating Plaintiffs obvious impairment, denied the complaint against

124

Defendants Bunteman, Delgado, Janda, Ochoa. Thus Ratifying these defendants wonton deliberate indifference to Plaintiffs pain and suffering. Predicated on the denial of food, medication, shelter, sanitary living conditions. Predicated upon confinement in an unequipped non handicapped accessible Ad-Seg cell, these defendants knew Plaintiffs worsening det.        health would n't allow Plaintiff to function in, thereto these defendants actions didn't advance any legitimate penological goal, but was imposed to inflict physical and psychological harm to "chill" Plaintiffs exercise of his First Amendment Rights to petition the government in retaliation for use of the prison grievance system against defendants White, Burns, Robles, McNain.

Submitted:

CAUSE OF ACTION

# XV.

PLAINTIFFS FIRST, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT WERE RETALIATORALLY VIOLATED BY DEFENDANT K. BALL, WHO SUBJECTED PLAINTIFF TO WANTON DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING, AS WELL AS BY DEFENDANTS L.E. SCRIBNER, D.W. BELL, D. EDWARDS, RETALIATORALLY HARBORED REFUSAL TO FILE, RETURN OR ALLOW EXHAUSTION OF JANUARY 16, 2007 CDCR 602 GRIEVANCE COMPLAINT AGAINST BALL IN VIOLATION OF FIRST AMENDMENT AND 42 USC 1997(e)(A) PLRA

PLAINTIFF ON JANUARY 19, 2007, WHILE IMPRISONED AT RETALIATORALLY TRANSFERRED CALIPATRIA PRISON AND CONFINED IN THE CTC PREDICATED ON AN ADMINISTRATIVE CUSTODY HOLD, CONTACTED NURSE G. RAMIREZ INFORMING HER OF PLAINTIFFS EXPERIENCING SEVER SPINAL PAIN, AND REQUESTED SHE INFORM DEFENDANT K. BALL, WHO AT THAT MOMENT WAS MAKING MEDICAL ROUNDS,

DEFENDANT BALL COGNIZANT OF PLAINTIFFS SUFFERING FROM TWO(2) LEVELS OF BULGING DISC AND A CRACKED DISC WHICH WERE SEVERELY PAINFUL, TOLD NURSE RAMIREZ:

"SHE'D SEE PLAINTIFF MONDAY JANUARY 22, 2007 AND SHE'D INCREASE THE ROBAXIN MUSCLE RELAXER TO THREE(3) TIMES PER DAY, PLUS PRESCRIBE TYLENOL, BENGAY"

125.

PLAINTIFF ON JANUARY 22 2009, WAS VISITED BY Defendant BALL, Who REAFFIRMED PLAINTIFF hAd been Scheduled To undergo PhYSICAL TherapY, thereTo PLAINTIFF explAined To DEFENDANT BALL, "The medical WALKER She'd IMPLORED PLAINTIFF TO ATTEMPT TO USE WAS dOING MORE harm Then GOOD, where IT APPEARED When PLAINTIFF STOOD HIS SPINE WAS being Pulled From under him"

PLAINTIFF Further explAined To DEFENdANT BALL The RObAXIN ANd TYLENOL Were Of NO effect, Thus DEFENdANT BALL PREScribed A 20 TO 30 minute WALKING Routine.

PLAINTIFF ON JANUARY 22 2009, While CONFINED IN The CTC WAS PRovided A PSEUdO EXAMINATION BY The PRISONS OTher CONTRACT OrThOPEDIC DOCTOR MR, LIA, ThereTO MR, LIA, IN STEP WITH The WANTON DELIBERATE INdiffERENCE bEING SUbjected bY DEFENdANTS BALL LEVIN SMITh, ThOMAS, YOUNG, REAFFIRMEd ThESE DEFENdANTS version of ONLY AN ARThRISTIC BACK, DR, LIA, FurTher ASSERTED The NOVEMBER 8 2006 MRI, dEPICTED NOThING MORE Then A SLIGhT BULGING DISC, NOT TWO BULGING DISC, Which DR, LIA PSEUdOLY ASSERTED didN'T REQUIRE SURGERY.

PLAINTIFF ON JANUARY 25 2009, WHILE CONFINED IN The CTC AT CALIPATRIA PRISON, CONTACTED DEFENdANT BALL ANd COMPLAINED TO her, IF PLAINTIFF WERE IN GOOD FAITH GOING TO ATTEMPT AMBULATING WITH The WALKER, CANE, There WOULD bE NEEDED STRONGER MEDICATION, ThereTO DEFENdANT BALL CANCELLEd The RObAXIN ANd PREScribed CELEbRAX.

PLAINTIFF ON JANUARY 31, 2007, while IMPRISON AT CALIPATRIA Prison, And Confined in the infirmary Pursuant TO the Administrative Custody Hold of DEFENDANT JANDA WAS interviewed by MS. E. Tornelli, SOUTHERN REGIONAL Nursing Consultant, who upon being MADE COGNIZANT OF PLAINTIFF'S severly Painful Spinal And lower back Pain, And That PLAINTIFF WAS Confined in The infirmary only Pursuant To An Administrative Custody, While being Allegedly TREATED By Defendant BALL, Advised Defendant BALL, PLAINTIFF MUST be Admitted To The infirmary, instead of being confined There Administratively Pursuant To being Allegeld Treated by Defendant BALL, However defendANT BALL, Because She HARbored A RETALIATORY nexus, And Knew She WASN'T GOING TO TREAT PLAINTIFF for WHAT She Knew To be PLAINTIFFS real medical Problem of TWO (2) levels of Herniated bulging disc, And An Annular Tear or Cracked disc, refused To Admit PLAINTIFF To The infirmary

PLAINTIFF ON JANUARY 9, 2007, ORIGINAIN made DEFENDANT BALL COG-NIZANT OF his elevated blood Pressure, of The PAST Three (3) MONThS.

PLAINTIFF ON February 6, 2007, while confined in The infirmary AT CALIPATRIA Prison, WAS Prescribed Hydroch lorothiazide for High blood Pressure, Thus PLAINTIFF WAS only Prescribed The High blood Pressure medication, because he remained in The infirmary Pursuant To The Administrative Custod Hold,

PlAintiff submits Defendant BAll knew medically from the November 8, 2006, MRI, PlAintiff was in dAbilitating extreme pAin from Two(2) levels of herniated bulging disc, FACET joint disorder, And an AnnulAr FIssure, or cracked disc, At L5'

Thus Defendant BAll in RetAliatorAily mode for PlAintiff' complaints AgAinst DefendAnts Robies, levin, Smith, BAll, wontonly Allowed PlAintiff to suffer, Defendant BAll even in the FACE of being instructed by M.S. Tornell, PlAintiff needed to be Admitted To The infirmAry if PlAintiff was being medicAlly treATed for Any condition, However defendAnt BAll, retAliatorAin deliberateix indifferent to PlAintiffs PAin And Suffering Allowed, PlAintiff to be mistreATed AgAin And AgAin by Custody And The nursing STAff, At CAlipatriA prison.

PlAintiff submits DefendAnt BAll wonton retAliatorAily HArbored deliberate indifference to PAin And Suffering culminated in PlAintiff Attempting To TAke his own Life.

128.


PlAINTiff on February 16, 2007, Submitted directly To Defendant Scribner, Warden, A CDCR-602 form Complaint Pursuant To Calif Penal Code 147, AGAINST Defendant K, Ball, Alleging:

" Wanton Retaliatorally motivated deliberate Indifference To Pain And Suffering"

129.

Defendants Scribner, Bell, Edwards Retaliatorally Refused To file or return The Complaint AGAINST Defendant Ball.

See CCR TiTle 15 3084.6 Time Limits. This Complaint Pg 72)

See DOM 54100.2; 54100.17, 54100.25.1. This Complaint PG 13.)

See 42 USC 1997 (e), (A), This Complaint PG 14.)

See Rhodes V. Robinson, This Complaint PG 14.)

See Brown V. Valoff, This Complaint PG 14)

IT is Submitted Defendants Scribner, Bell, Edwards, Retaliatorally Harbored Refusal To File or Return The February 16, 2007, Complaint AGAINST Defendant K, Ball made fulfillment of Exhaustion of Available Administrative Remedies Pursuant To 42 USC 1997 (e), (A) Unavailable To PlaintiFF.

PlAINTiff on January 30 2009, While Confined in The CTC AT Calipatria Prison Transported To Undergo Physical Therapy.

129.

In Greene v. Daley (9thcir05) 414 F3d 645 Held: "treatment so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate plaintiffs condition, doggedly persisting in a course of treatment known to be ineffective."

It is further submitted defendant Ball persisted in a course of treatment known to be ineffective for two(2) bulging disk and a cracked disk, in addition to withholding from plaintiff the true nature of plaintiffs injury, thus it was Dr. Ball and the other named medical defendants in this civil action who wantonly treated plaintiff as a nuisance, at times continuing to express plaintiff was at Calipatria State Prison, but inured thereto it was Dr. Ball who retaliatorially continued to disregard the risk of permanent injury allowing plaintiff to crawl to the toilet, all of which has culminated in numerous falls due to being allowed to deteriorate to the point of now being confined in a wheelchair, thus while plaintiff retains a due process Fourteenth Amendment right to be free from unjustified intrusions into the body, defendant Ball wantonly and retaliatorially refused to provide any information to allow plaintiff to intelligently exercise that right.

Thus Defendants Ball, Scribner, Bell, Edwards actions and ratifications culminated in wanton retaliatorially harbored deliberate indifference to pain and suffering, and as such did not advance any legitimate penological

130.

GOAL, BUT WAS IMPOSED TO AND CULMINATED IN
PHYSICAL AND PSYCHOLOGICAL HARM TO "CHIN"
PLAINTIFFS EXERCISE OF HIS FIRST AMENDMENT RIGHTS
IN PETITIONING THE GOVERNMENT FOR REDRESS OF
GRIEVANCES IN USE OF THE PRISON GRIEVANCE
SYSTEM AGAINST DEFENDANTS WHITE, QUANIS, PEREZ,
ROBLES, MCNAIT

SUBMITTED:

131.

## CAUSE OF ACTION
## XVI.

PLAINTIFFS FIRST, EIGHTH, AND FOURTEENTH
AMENDMENT RIGHTS TO BE FREE FROM FROM
CRUEL AND UNUSUAL PUNISHMENT WERE RETALIATORIALLY
VIOLATED BY DEFENDANTS L. MARQUEZ, K. BAIL,
LOPEZ, WHO SUBJECTED PLAINTIFF TO PAIN AND SUFFERING,
DELIBERATE INDIFFERENCE TO PAIN AND SUFFERING,
AS WELL AS DEFENDANTS L.E. SCRIBNER, D.W. BELL,
D. EDWARDS RETALIATORIALLY HARBORED REFUSAL
TO FILE OR ALLOW EXHAUSTION OF MAY 29 2007
CDCR 602 GRIEVANCE COMPLAINT AGAINST MARQUEZ,
BAIL, LOPEZ, IN VIOLATION OF FIRST AMENDMENT
AND 42 USC 1997 (e) (A) PLRA.

———————— 22 ————————

PLAINTIFF ON FEBRUARY 16, 17 2007, WHILE CONFINED
IN THE CTC AT RETALIATORIALLY TRANSFERED CALIPATRIA
PRISON, PREDICATED UPON THE ADMINISTRATIVE CUSTODY
HOLD OF DEFENDANT G. J. JANDA, WHILE EXPERIENCING
SEVERE SPINAL AND LOWER BACK PAIN MADE CONTACT
WITH LVN SANDIE AGUIRRE WHERE PLAINTIFF WAS ATT-
EMPTING TO OBTAIN MEDICAL ATTENTION FOR HIS
PAIN, THUS DEFENDANT MARQUEZ ACTING AS THE
STATION NURSE TOLD AGUIRRE TO TELL PLAINTIFF:

" IF HE DESIRED MEDICAL ATTENTION TO SUBMIT
A MEDICAL HEALTH CARE - SICK CALL REQUEST "

THUS PLAINTIFF WHILE OBSERVED IN SUCH A STATE
STATE OF PAIN BY NURSE AGUIRRE WAS LEFT IN
BY DEFENDANT MARQUEZ WHO WANTON AND RETALI-
ATORIALLY REFUSED TO PASS PLAINTIFFS MEDICAL CONCERNS
ON TO A DOCTOR FOR ASSESSMENT AND TREATMENT,
HOWEVER DEFENDANT MARQUEZ IN RETALIATION FOR
PLAINTIFFS DECEMBER 9 2006, PRISON GRIEVANCE AGAINS

Defendant Sewtell, became deliberately indifferent to plaintiffs pain and suffering by witholding much needed medical treatment.

Plaintiff on the forementioned date at approximately 3:30 p.m. made nurse Herrera cognizant of his debilitating, severely painful spinal and lower back pain, and requested she contact Defendant Lopez, the "Poc" making him cognizant of plaintiffs medical concerns, thus Defendant Lopez without consulting any medical records of assessment of plaintiff retalitoraily averred:

> "He wouldn't per the instructions of
> Defendant Ball change or prescribe
> any medication or treatment other
> then those prescribed by Defendant Ball"

Thus plaintiff without the aid of any medication to improve his condition, was left in such state by Defendant Lopez.

Plaintiff on February 17 2007, while confined in the CTC at Calipatria Prison, summoned nurse Garcia and Aguilar making them cognizant of plaintiffs continuing debilitating spinal and severely painful lower back pain, and requested the "Poc" be notified, thus these two (2) nurses made Defendant

MARQUEZ COGNIZANT OF PLAINTIFFS CONDITION
WHERE DEFENDANT MARQUEZ AVERRED:
   " SHE'D CONTACT THE POC"

HOWEVER PLAINTIFF WAS AGAIN RETALIATORIALLY
WALLOW IN EXCRUCIATING PAIN BY DEFENDANTS
MARQUEZ, LOPEZ, BALL.


    PLAINTIFF ON FEBRUARY 18,2007, WHILE CONFINED
IN THE CTC AT CALIPATRIA PRISON SUMMONED
NURSE SANCHEZ AND MADE HER COGNIZANT OF
PLAINTIFFS EXCRUCIATING DABILITATING SEVERELY
PAINFUL SPINAL AND LOWER BACK PAIN. THUS NURSE
SANCHEZ IN HER OBSERVATION OF PLAINTIFFS
PAINFUL STATE CONTACTED DEFENDANT LOPEZ
THE "POC" AND IMPLORED HIM TO TREAT PLAINTIFFS
PAINFUL CONDITION, THUS DEFENDANT LOPEZ
PRESCRIBED TWO(2) 30 MGS SHOTS OF TERADOIL
WHICH RELIEVED THE IMMEDIATE PAIN.


    PLAINTIFF ON FEBRUARY 20,2007, AT A.M. MEDICATION
DELIVERY REGISTERED A BLOOD PRESSURE READING OF 153/87,
THERETO DEFENDANT BALL VISITED PLAINTIFF APPROXIMATELY
THREE (3) HOURS LATER, WHERE PLAINTIFF ENLIGHTENED
HER THE TEST USE OF CELOBRAX WAS OF NO EFFECT
AS WAS THE TYLENOL, PLAINTIFF FURTHER ENLIGHTENED DEFENDANT
BALL, THE WALKER MIMICS A STRONGER PAIN MEDICATION TOWARDS
IT'S USE WAS A BAND AID FIX TO THE DABILITATING SPINAL
PAIN.

PLAINTIFF lastly implored DEFENDANT BALL in the face of her refusal as advised by nursing consultant E. Tarnell, to admit PLAINTIFF to the CTC where there could be good faith attempts at keeping PLAINTIFFS high blood pressure under control and provide proper medical treatment for PLAINTIFFS spinal condition she should remove herself from PLAINTIFFS case and refer his case back to DEFENDANT LEVIN, where PLAINTIFFS maltreatment evidenced deliberate indifference, retaliation or incompetence.

PLAINTIFF ON MAY 29, 2007, submitted directly to DEFENDANT L.E. Scribner, warden, a CDCR 602 form complaint predicated upon Calif. Penal codes 147, 832.5 against DEFENDANTS Marquez, Lopez, Ball. Alleging: " RETALIATORIALLY HARBORED medical indifference "

DEFENDANTS Scribner, Bell, Edwards, on June 8, 2007, retaliatorially refused to file the complaint as time barred averring: " You have failed to reasonably demonstrate that the issue you are appealing adversely affects your welfare "

See 42 USC 1997 (e), (A), This complaint pg 14

See Rhodes v. Robinson, This complaint pg. 14

See Braun v. Maloff, This complaint pg 147

IT IS submitted Defendants scribner, ochoa, Bell, Edwards, Retaliatonally Harbored Refusal To file. or allow Exhaustion of The May 27, 2007, complaint against Defendants Lopez, Marquez, Ball, made fulfillment of Exhaustion of available. Administratiue Remedies Pursuant to 42 USC 1997 (e), (A) unavailable To plaintiff.

IT IS further submitted Defendants Retaliatonally Harbored wanton Deliberate indifference To pain And suffering subjected by Marquez, Ball, Lopez, And Refusal To file The appeal didn't advance any legitimate penological goals but was impress'd To "chill" plaintiff's First Amendment Rights, And further culminated in physical And psychological harm to plaintiff in Retaliation for use of The Prison Grievance system against Defendants white, Perez, mcnair, Robles, Quails.

Submitted:

136

CAUSE OF ACTION

# XVII.

PLAINTIFFS FIRST, FIFTH, EIGHTH AND FOUR-
Teenth AMENDMENT EQUAL PROTECTION RIGHTS
FREE FROM CRUEL AND UNUSUAL PUNISHMENT
were RETALIATORALLY VIOLATED BY DEFENDANTS L.
MARQUEZ, J. BUITTEMAN, G.J. JANDA, R. DELGADO
T. OCHOA, BY CONFINEMENT IN AN ADMINISTRATIVE SEGREGATION
UNEQUIPPED NON HANDICAPPED ACCESSIBLE CELL, AS WELL AS BY DEFENDANT
L.E. SCRIBNER, D. W. BELL, D. EDWARDS RETALIATORY REFUSAL TO
FILE OR ALLOW EXHAUSTION OF NOVEMBER 6, 2007 CDCR 602 GRIEVANCE
AGAINST MARQUEZ, BUITTEMAN, JANDA, DELGADO, OCHOA IN VIOLATION
OF FIRST AMENDMENT AND 42 USC 1997e(1)(A) PLRA   13ª.

PLAINTIFF ON FEBRUARY 21, 2007, while confined in
THE CTC AT RETALIATORALLY TRANSFERRED CALIPATRIA
PRISON, PREDICATED UPON THE JANUARY 5, 2007,
ADMINISTRATIVE CUSTODY HOLD OF DEFENDANT JANDA,
WAS CONSPIRATORIALLY ORDERED REMOVED FROM THE
CTC BY DEFENDANTS MARQUEZ, BUITTEMAN, DELGADO
WHO WILLFULLY, KNOWINGLY FALSELY AND RETALIATORALLY
REPORTED TO DEFENDANT OCHOA PLAINTIFF HAD BEEN
MEDICALLY DISCHARGED FROM THE CTC AND CLEARED
FOR HOUSING IN AN AD-SEG CELL UNEQUIPPED NONHANDICAPPED
ACCESSIBLE CELL WHEN IN FACT THESE DEFENDANTS KNEW
PLAINTIFF WAS BEING CONFINED IN THE CTC TO BE
PROPERLY ACCOMODATED PREDICATED UPON HIS MOBILITY
WORSENING IMPAIRMENT, THUS PLAINTIFF WAS FORCEFULLY
REMOVED FROM THE CTC BY CUSTODY GUARDS LOADED
INTO A WHEELCHAIR AND WHEELED TO THE AD-SEG UNIT
AND CONFINED IN CELL A5-125, WHERE ONCE SO CONFINED

without the aid of any medical devices to assist to the toilet was again compelled to urinate and defecate upon himself and the cell floor.

Plaintiff on February 22, 2007, while so confined in Ad-Seg was deprived of breakfast, lunch when Ad-Seg staff refused to open the cell door and provide these meals to plaintiff, thereto defendant Janda on the forementioned date approached the Ad-Seg cell allegedly to conduct an interview concerning plaintiffs January 16, 2007, complaint against defendants Butteman, Delgado; thus defendant Janda, upon being made cognizant of plaintiffs deplorable living conditions by his subordinate Lt. Nelson stated:

" They don't want Hamiltion back in the CTC anymore, so take him out of the cell, remove the defecation, urine and place him back in the cell"

Plaintiff knowing if left in the cell he wasn't going to be feed, or provided adequate medical treatment upon hearing defendant Janda's orders to clean the cell and return plaintiff to it, compelled plaintiff at that very moment to manuelly hang himself from the light fixture using a torn bed sheet, thereto upon being prevented from committing suicide by a cell extraction team, thus upon removal from the

cell PLAINTIFF WAS AMBULANCED TO THE CENTRAL
HEALTH EMERGENCY ROOM ASSESSED by THE
PSYCHIATRIST AND CONFINED IN THE CTC UNTIL
TRANSPORTED TO A MENTAL HEALTH CRISIS BED
(HEREINAFTER MHCB) AT THE SUBSTANCE ABUSE
TREATMENT FACILITY AT CORCORAN CALIF.

PLAINTIFF ON FEBRUARY 23, 2007, WHILE CONFINED
ON SUICIDE WATCH AT RETALIATORIALLY TRANSFERRED
CALIPATRIA PRISON, WAS TRANSPORTED TO A MHCB
AT S.A.T.F AND PRISON AT CORCORAN CALIF.

PLAINTIFF UPON BEING INITIALLY ASSESSED by THE CHIEF
PSYCHIATRIST AT S.A.T.F MR, APOCADA, WAS IMMEDIATELY
REFERRED TO THE MEDICAL DEPARTMENT DUE TO
PLAINTIFFS EXCRUCIATING SPINAL AND LOWER BACK
PAIN, THERETO UPON BEING ASSESSED by THE MEDICAL
DEPARTMENT AT SATF, PLAINTIFF WAS PROVIDED
A SPINAL X-RAY, PRESCRIBED VICODIN, ROBAXIN FOR
THE REMAINDER OF HIS TWO(2) WEEK STAY AT SATF,

THE MENTAL HEALTH DEPARTMENT UPON OPINIONING
PLAINTIFFS MEDICAL MALTREATMENT, AND NEED FOR
FURTHER MENTAL AND MEDICAL TREATMENT MADE
PLAINTIFF A MENTAL HEALTH PATIENT AT THE
CORRECTIONAL CLINICAL CASE MANAGEMENT SYSTEM (HEREIN
AFTER (CCMS) LEVEL OF CARE

139.

PLAINTIFF On November 6, 2007, while hospitalized in the CTC At Lancaster Prison Awaiting Back Surgery submitted to Defendant L.E. Scribner Warden, A CDCR 602 Form complaint Pursuant to calif Penal codes 147, And 832.5 Against Defendants marquez, Buiteman, Delgado, Janda, Ochoa, Alleging "Wonton Retaliatorally Harbored deliberate indifference to pain And Suffering And unsanitary living conditions"

Defendants Scribner, Bell, Edwards, on November 20, 2007, Retaliatorally refused to File or process The complaint of November 6, 2007, Against Defendants marquez, Buiteman, Delgado, Janda, Ochoa, As being A complete Duplicate Of plaintiffs January 16, 2007, complaint Against only Defendants Buiteman, Delgado.

Dom 54100.2; 54100.17; 54100.25.1 States: "An inmate Appeal maybe Treated As an emergency, if it is categorized As a citizens complaints, filed Two (2) To Three (3) years After The Alleged incident"

PLAINTIFF Submits from The Face of The First January 16, 2007, complaint Against Buiteman, Delgado only, To The Second November 6, 2007, Against Defendants marquez, Buiteman, Delgado

140.

JANDA, OCHOA, DEFENDANTS, Scribner, Edwards, Bell's, retaliatorally Harbored Animus in refusing To File The November 6, 2007, complaint is depicted, where the JANUARY 16, 2007, nowhere Mentions DEFENDANTS MARQUEZ, JANDA, OCHOA AS PARTICIPANTS.

PLAINTIFF Submits The REGULATORY MANDATES Are undisputed, And PLAINTIFFS MAY 29, 2007 COMPLAINT AGAINST DEFENDANTS, MARQUEZ, BAIL, LOPEZ, And The November 6, 2004 COMPLAINT AGAINST DEFENDANTS MARQUEZ, BUNTEMAN, JANDA, OCHOA Should have been Filed. See SERRANO v. FRANCIS, This COMPLAINT PG 13) See 42 USC 1997 (e), (A) This COMPLAINT PG 14) See Rhodes v. Robinson, This COMPLAINT PG 14 See Brown v. VALOFF, This COMPLAINT PG 14)

IT IS Submitted DEFENDANTS Scribner, Edwards, Bells Retaliatorally Harbored Refusal To File or Allow EXHAUSTION of the November 6, 2007, COMPLAINT AGAINST DEFENDANTS MARQUEZ, BUNTEMAN, OCHOA, JANDA, made fulfillment of EXHAUSTION of AVAILABLE Administrative Remedies PURSUANT TO 42 USC 1997 (e), (A), unavailable TO PLAINTIFF.

IT IS further Submitted DEFENDANTS MARQUEZ, DELGADO, JANDA, BUNTEMAN, OCHOA'S Confinement of PLAINTIFF TO

141

An unequipped non handicapped accessible cell without Providing medical assistance devices To Prevent Plaintiff from crawling on The floor cumminated in wanton Retaliatorally Harbored Deliberance To Pain And Suffering, And As such Didn't Advance any legitimate Penological Goals, but was imposed to "Chill" Plaintiffs First Amendment Rights, And where These Defendants Actions culminated in Physical And Psychological harm in Retaliation for use of The Prison Grievance System Against Defendants White, Perez, Robles, Qualls, mcnair

Submitted:

142.

PLAINTIFF FURTHER SUBMITS PREDICATED UPON his DABILITATING, DETERIORATING condition has been denied ALL outdoor exercise, And showers since MAY 18, 2008, when PLAINTIFF FELL in the shower AT his current PLACE of imprisonment, Thus PLAINTIFF hasn't seen The sun since JULY 18, 2006 AT CALIPATRIA, That WAS Four(4) PRISONS AGO. SATF, LANCASTER, Corcoran, SALINAS VALLEY STATE PRISON.

PLAINTIFF FURTHER SUBMITS he remains in imminent DANGER of serious PHYSICAL INJURY or death, where These DEFENDANTS AGENTS, ASSOCIATES, ARE obviously PERSISTANT in a course of TREATMENT Known To be ineffective, RETALIATORAILY disregarding the extent of The SPINAL INJURY or The consequences of FAILING To Provide immediate medical TREATMENT for PLAINTIFF' ACUTE CARE Condition, or PROVIDING PLAINTIFF A medical TRANSFER To AN ACUTE CARE MEDICAL FACILITY.

PLAINTIFF DEMANDS $ 1. million DOLLARS from EACH DEFENDANT in ACTUAL DAMAGES, *PLUS For intentional Infliction of EMOTIONAL DISTRESS, $ 2. million DOLLARS in PUNITIVE DAMAGES, EXPUNGMENT of ALL CDCR-115 RULE VIOLATION INFRACTIONS CULMINATING from IMPRISONMENT AT RETALIATORALLY TRANSFERRED CALIPATRIA STATE PRISON, And ANY other DISABILITIES CULMINATING THEREFORE, immediate TRANSFER To The CALIFORNIA MEDICAL FACILITY AT VACAVILLE CALIFORNIA, For SURGICAL REMOVAL of The CRACKED DISK And THERAPEUTIC REHABILITATION

143.

PlAINTIFF FILES THIS VERIFIED 42 USC 1983
CIVIL RIGHTS ACTION PREDICATED UPON ALL THESE
DEFENDANTS ACTIONS, INACTIONS, PROCLAMATIONS,
RATIFICATIONS, AND DEMANDS A TRIAL BY JURY
ON ALL MATTERS TRIALABLE BY JURY


I DECLARE UNDER PENALTY OF PERJURY BY THE LAWS
OF THE STATE OF CALIFORNIA THAT THE FOREGOING
IS TRUE AND CORRECT

-submitted:

DATED: AUGUST 12, 2008     RESPECTFULLY SUBMITTED:

Eugene Hamilton
EUGENE HAMILTON IN PRO-SE

144.

1

PROOF OF SERVICE

2

Declaration of Service by Mail

3

4
   I, *E.HAMILTON* _____, declare that I am over the age of

5
eighteen (18) and that I (am/am not) a party to this action. On *AUGUST 12,*

6
*2008* ___, I deposited a copy of the following document(s):

7
   *VERIFIED 42 USC 1983 CIVIL RIGHTS*
8
*COMPLAINT WITH JURY TRIAL DEMAND*

9

10

11
   In a sealed envelope with the postage prepaid into the United States mail

12
outlet via an authorized California Department of Corrections employee at

13
Ironwood State Prison, in Riverside County, Blythe, California, and addressed as

14
follows:

15
   *CLERK, UNITED STATES DISTRICT COURT*
16
*SOUTHERN DISTRICT OF CALIF*
17
*Edward J. Schwartz Federal Building*
18
*880 FRONT ST RM 4290*
*SAN DIEGO CALIF 92101-8900*

19

20

21

22

23

24

25
   I declare under penalty of perjury by the laws of the State of California that

26
the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28
DATE *AUGUST 12, 2008*    SIGNATURE *E. Hamilton*

COURT PAPER
STATE OF CALIFORNIA
D. 113 (REV. 3-95)
25391

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

DEFENDANTS

**Eugene Hamilton**

**Robles, et al**

FILING FEE PAID
Yes   No
IFP MOTION FILED
Yes   No
COMPLAINT FILED
Court   Pro Se

FILED
AUG 18 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED **Monterey**
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eugene Hamilton
PO Box 1050
Soledad, CA 93960
T-33081

ATTORNEYS (IF KNOWN)

**'08 CV 1531 WQH BLM**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgement

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|

DATE   8/18/2008

SIGNATURE OF ATTORNEY OF RECORD