

FILED

NOV - 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HAMILTON,<br>CDCR #T-33081,<br><br>                               Plaintiff,<br><br>vs.<br><br>L. ROBLES, et al.,<br><br>                            Defendants. | Civil No.    08-1531 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 5]; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, Eugene Hamilton, a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5].

///
///

1    **I.      Motion to Proceed IFP [Doc. No. 5]**

2           All parties instituting any civil action, suit or proceeding in a district court of the United

3    States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

4    U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only

5    if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

6    *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however,

7    remain obligated to pay the entire fee in installments, regardless of whether the action is

8    ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

9           Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

10   prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

11   statement (or institutional equivalent) for the prisoner for the six-month period immediately

12   preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

13   statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

14   in the account for the past six months, or (b) the average monthly balance in the account for the

15   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

16   § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

17   collect subsequent payments, assessed at 20% of the preceding month's income, in any month

18   in which the prisoner's account exceeds $10, and forward those payments to the Court until the

19   entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

20          The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

21   § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

22   28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that

23   he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4)

24   (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or

25   appealing a civil action or criminal judgment for the reason that the prisoner has no assets and

26   no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that

27   28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

28   based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

1   ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 5] and

2   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

3   balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

4   pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

5   **II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

6   **        A.     Standard**

7           The PLRA also obligates the Court to review complaints filed by all persons proceeding

8   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

9   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

10  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

11  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

12  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

13  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

14  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

15  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

16  446 (9th Cir. 2000) (§ 1915A).

17          Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

18  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

19  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

20  324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

21  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

22  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

23  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

24  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

25  (discussing 28 U.S.C. § 1915A).

26          "[W]hen determining whether a complaint states a claim, a court must accept as true all

27  allegations of material fact and must construe those facts in the light most favorable to the

28  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

1    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

2    duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

3    839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

5        As currently pleaded, it is clear that a majority of Plaintiff's Complaint fails to state a

6    cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof

7    requirements upon a claimant: (1) that a person acting under color of state law committed the

8    conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

9    immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983;

10    *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d

11    1350, 1354 (9th Cir. 1985) (en banc).

12    **B.    Rule 8**

13        Plaintiff has filed a Complaint which contains a forty three (43) Defendants, vague factual

14    allegations and is almost one hundred and fifty (150) pages long. It is very difficult for the

15    Court to decipher many of the alleged constitutional allegations. Thus, as a preliminary matter,

16    the Court finds that Plaintiff's Complaint fails to comply with FED. R. CIV. P. 8(a), which

17    provides that a complaint "shall contain (1) a short and plain statement of the grounds upon

18    which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing

19    that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader

20    seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the

21    claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d

22    795, 798 (9th Cir. 1991).

23    **C.    Lack of Proper Venue**

24        In addition, venue may be raised by a court sua sponte where the defendant has not yet

25    filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d

26    1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on

27    diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a

28    judicial district where any defendant resides, if all defendants reside in the same State, (2) a

1    judicial district in which a substantial part of the events or omissions giving rise to the claim

2    occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

3    judicial district in which any defendant may be found, if there is no district in which the action

4    may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co.*

5    *v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district

6    in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in

7    the interests of justice, transfer such case to any district in or division in which it could have

8    been brought." 28 U.S.C. § 1406(a).

9         Here, Plaintiff is currently incarcerated in Salinas Valley State Prison, which is in

10   Soledad, California, and within the jurisdictional boundaries of the Northern District of

11   California. *See* 28 U.S.C. § 84(a). In addition, a number of his allegations arise from various

12   other prisons in California including Ironwood State Prison, California State Prison-Lancaster

13   and the California Substance Abuse Treatment Facility. Ironwood State Prison is located in

14   Riverside County which is within the Central District of California, Eastern Divisions

15   jurisdictional boarders, while Lancaster is located in Los Angeles County, in the Central District

16   of California, Western Division's jurisdictional borders. *See* 28 U.S.C. §§ 84(c) (1) and (2).

17   The California Substance Abuse Treatment Facility is located in the Eastern District of

18   California. *See* 28 U.S.C. § 84(b).

19        While Plaintiff's Complaint if far from clear, it does appear that a majority of the

20   allegations pertain to events which occurred outside the jurisdiction of the Southern District of

21   California. Any claims Plaintiff wishes to bring that arise from events that occurred at those

22   institutions, he should bring in a separate action in the proper judicial district.

23        **D.    Eighth Amendment - Medical care claims**

24        Plaintiff appears to allege that while he was housed at Calipatria State Prison on July 13,

25   2006, he was suffering from "excruciating painful back muscle spasms." (Compl. at 40.)

26   Plaintiff requested pain medication from Defendant Robles, a Medical Technical Assistant, who

27   initially denied his request but approximately provided the medication forty minutes later. (*Id.*

28   at 40-42.)

1    Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

2  prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference

3  to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two

4  elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

5  response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on*

6  *other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical

7  need is serious "if the failure to treat the prisoner's condition could result in further significant

8  injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting

9  *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a

10  medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60.  By

11  establishing the existence of a serious medical need, a prisoner satisfies the objective

12  requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834

13  (1994).

14    Even if Plaintiff has alleged facts sufficient to establish the existence of a serious medical

15  need, he must also allege that each Defendant's response to his need was deliberately indifferent.

16  *Farmer*, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

17  deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may

18  be shown by the way in which prison medical officials provide necessary care. *Hutchinson v.*

19  *United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil

20  rights have been abridged with regard to medical care, however, "the indifference to his medical

21  needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

22  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

23  1980) (citing *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th

24  Cir. 2004).

25    Here, Plaintiff's allegations seem to rest on the fact that he claims he was denied pain

26  medication for less than a day.   However, Plaintiff must allege specific facts to show that this

27  delay caused him actual harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d

28  404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference

1   unless the denial was harmful.")    Accordingly, the Court dismisses Plaintiff's Eighth

2   Amendment inadequate medical care claims for failing to state a § 1983 claim upon which relief

3   can be granted.

4       **E.      Fourteenth Amendment Due Process Claims**

5           Plaintiff also claims that he has been charged with serious rules violations and subjected

6   to "sham" disciplinary hearings. (Compl. at 63.)  "The requirements of procedural due process

7   apply only to the deprivation of interests encompassed by the Fourteenth Amendment's

8   protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State

9   statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due

10  process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme

11  Court has significantly limited the instances in which due process can be invoked.  Pursuant to

12  *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the

13  Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

14  that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of

15  prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir.

16  1997).

17          In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution

18  because he has not alleged, as he must under *Sandin*, facts related to the conditions or

19  consequences of his disciplinary hearings  which show "the type of atypical, significant

20  deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in

21  *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff

22  possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus

23  discretionary nature of the segregation; (2) the restricted conditions of the prisoner's

24  confinement and whether they amounted to a "major disruption in his environment" when

25  compared to those shared by prisoners in the general population; and (3) the possibility of

26  whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

27  / / /

28  / / /

1   Therefore, to establish a due process violation, Plaintiff must first show the deprivation
2   imposed an atypical and significant hardship on him in relation to the ordinary incidents of
3   prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
4   Court could find there were atypical and significant hardships imposed upon him as a result of
5   the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
6   of his confinement that would give rise to a liberty interest before he can claim a violation of due
7   process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
8   *by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed
9   to allege a liberty interest, and thus, has failed to state a due process claim. *See May*, 109 F.3d
10  at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

11  Accordingly, the Court dismisses Plaintiff's Complaint for failing to state a claim upon
12  which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A. However, Plaintiff
13  will be permitted the opportunity to file an Amended Complaint. If Plaintiff chooses to file an
14  Amended Complaint, he must comply with Rule 8, as stated above, and he must limit his claims
15  to those that arise out of events that occurred within the jurisdictional boundaries of the Southern
16  District of California.

17  **III.   CONCLUSION AND ORDER**

18  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

19  1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5]
20  is **GRANTED**.

21  2.   The Secretary of California Department of Corrections and Rehabilitation, or his
22  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
23  owed in this case by collecting monthly payments from the account in an amount equal to twenty
24  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
25  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
26  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
27  ASSIGNED TO THIS ACTION.

28  / / /

3.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6.     The Clerk of the Court is directed to mail a Court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: ___11/5/08___        _____
HON. WILLIAM Q. HAYES
United States District Judge