# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HAMILTON, CDCR #T-33081,<br><br>           Plaintiff,<br><br>vs.<br><br>L. ROBLES, et al.,<br><br>           Defendants. | Civil No.   08-1531 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL [Doc. No. 8]; and**<br><br>**(2)   DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

**I.     Procedural History**

On August 18, 2008, Plaintiff, Eugene Hamilton, a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed  a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.  5].

///

The Court granted Plaintiff's Motion to Proceed *IFP* but simultaneously sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Nov. 5, 2008 Order at 8-9. Nonetheless, the Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court in its Order. *Id.* at 9. On December 3, 2008, Plaintiff filed a First Amended Complaint, along with a Motion for Appointment of Counsel [Doc. No. 8].

**II.    Motion for Appointment of Counsel [Doc. No. 8]**

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. However, the Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts do have discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice at this time, because as discussed below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel in this case. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.    Standard**

As stated in the Court's previous Order, the Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial

release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In the Court's previous Order, Plaintiff was informed that his Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Nov. 5, 2008 Order at 4. Plaintiff was further informed that many of his claims arose from incidents that fell outside the venue of the Southern District of California. *Id.* at 4-6. Finally, Plaintiff's Eighth and Fourteenth Amendment claims were dismissed for failing to state a claim upon which § 1983 relief could be granted. *Id.* at 6-8. Plaintiff was given leave to file an Amended Complaint so that he could, at the very least, attempt to correct the deficiencies of pleading identified by the Court.

However, instead of correcting any of these issues, Plaintiff simply filed what he called a "First Amended Complaint" which is identical to his original Complaint. Thus, for all the reasons set forth in the Court's previous Order, Plaintiff's First Amended Complaint must be dismissed. In addition, the Court finds that Plaintiff's First Amended Complaint is frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because he failed to attempt to comply with the Court's previous Order.

### III.  CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Appointment of Counsel [Doc. No. 8] is **DENIED** without prejudice;

**IT IS FURTHER ORDERED that:**

2.  Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

1 | The Clerk shall close the file.

2 | **IT IS SO ORDERED.**

3 | DATED: January 5, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge